## NUCKOLLS v. GAUT.

1. ANIMALS — TRESPASSING CATTLE — CROPS — FENCES.— In Colorado the owner of crops cannot recover damages done thereto by trespassing cattle, unless such crops are at the time of the trespass inclosed by good and sufficient fences.

2. INSTRUCTIONS — CONFLICT BETWEEN.— In order that a conflict between different instructions shall be ground for reversal, it must appear that such conflict may have injured the party complaining.

*Error to County Court of Garfield County.*

ACTION for damage to crops done by trespassing cattle, brought by G. N. Gaut against Emmett Nuckolls. Ver-

dict and judgment for plaintiff, and defendant brings error.

Messrs. TAYLOR, ASHTON & TAYLOR, for plaintiff in error.

CHIEF JUSTICE HELM delivered the opinion of the court.

In this state "the owners of crops can only recover damages done thereto by the trespasses of cattle when the same are, at the time of the trespass, inclosed by good and sufficient fences." *Morris v. Fraker*, 5 Colo. 425. The case cited holds that in the particular mentioned the principle of the common law is inapplicable here. If, since that opinion was written (about ten years ago), the circumstances and conditions have so changed as to justify a return to the common-law rule on the subject, the legislature should so declare. Until such legislative declaration is made we shall apply the doctrine of *stare decisis*. The instructions correctly state the law in this respect. Besides, this part of the charge was given at the instance and request of plaintiff in error, and hence he should not be heard to complain.

The instruction given at the request of defendant in error, to the effect that, if the fence law had not been adopted in Garfield county by a popular vote, it did not govern the case, also states a correct legal proposition. The announcement of this proposition, even were it unnecessary, did not produce such an inconsistency in the charge as would vitiate the verdict. It is not true, as counsel contend, that a conflict between different instructions given is necessarily a ground for reversal. It must appear that such conflict might have injuriously affected the party complaining.

Not having the evidence before us, we must presume that it was sufficient, under the law as pronounced by the court, to warrant the jury in returning the verdict they did. Defendant in error may, for aught we know,

have had a good and sufficient fence, or the evidence may have shown that plaintiff in error wilfully and deliberately drove his cattle upon the premises of defendant in error for the purpose of inflicting the resulting injury. The judgment is affirmed.

*Affirmed.*