## WRAY v. CARPENTER.

1. REAL ESTATE BROKER — WHEN ENTITLED TO COMMISSION.—When an agent or broker in good faith has introduced to his principal an acceptable purchaser willing and financially able to buy on the terms named by the principal, he is entitled to his commission even though through the fault of the principal the sale does not actually take place.

2. COMMISSION NOT DEFEATED BY PURCHASER'S SUBSEQUENT DEFAULT. When a sale to the purchaser thus introduced by the agent is consummated, the agent is entitled to his commission even though it may afterwards transpire that the purchaser is unable to meet deferred payments as they become due.

3. VERDICT — JURORS' AFFIDAVITS TO IMPEACH.— As a general rule, affidavits of jurors stating the theory or ground upon which they rendered their verdict will not be received for the purpose of impeaching the verdict.

4. EVIDENCE — ERROR WITHOUT PREJUDICE.— Where evidence favorable to appellant is erroneously admitted, the error is without prejudice and not ground for reversal.

5. INSTRUCTIONS — RECORD SHOULD SHOW WHAT OBJECTIONS WERE MADE.— Section 387, Civil Code, abolishes the formality of noting exceptions to the giving of instructions. But the record should show that by some proper objection attention is invited to the alleged error and opportunity given for its correction at the time.

16 271¹
17 105
17 195

16 271
18 124
18 495
18 499
2a 224
2a 449
2a 458

16 271
19 44

16 271
21 325
5a 416
7a 290

16 271
23 97

16 271
11a 49
12a 537

16 271
15a 34

16 271
32 432

*Appeal from District Court of Arapahoe County.*

Messrs. LONG & JOHNSON, for appellant.

Mr. ROBT. GIVEN, for appellee.

CHIEF JUSTICE HELM delivered the opinion of the court.

Appellee brought suit in the court below against appellant and recovered $1,000 as commission for services rendered in procuring the sale of certain realty in Nebraska. The admitted facts show that appellant placed the property in the hands of appellee for sale at a certain figure, allowing him the sum recovered in case of success; that appellee found Corregen, the alleged purchaser, and introduced him to appellant; also, that negotiations between Corregen and appellant were carried on for a considerable period.

The rule contended for by appellant is undoubtedly correct, viz., that when, under circumstances such as are here presented, the agent has introduced to his principal an acceptable purchaser, willing and financially able to buy on the terms named by the principal, he is entitled to his commission, even though, through the fault of the principal, the sale does not actually take place. *Buckingham v. Harris*, 10 Colo. 455, and cases cited.

But appellee did not, in the court below, base his recovery upon this rule of law; nor does he do so here. His contention is that the sale was actually consummated. Appellant vigorously combats this contention. He asserts that the negotiations between him and Corregen entirely failed, because Corregen proved to be financially irresponsible; and upon this controversy the case, so far as the evidence is concerned, will be determined. The proofs offered by appellee to establish the sale are not perfectly satisfactory. If sitting as a trial court without the aid of a jury, we might hesitate before finding affirmatively upon this question of fact; but the record is not wholly devoid of evi-

dence to sustain the verdict returned.  The testimony of both appellee and the witness Davis tends to show a completed sale to Corregen.  It is strongly contradicted by appellant and Corregen; and there are circumstances corroborating, to some extent, the position of appellant in this regard.  But we cannot say that the preponderance of evidence in appellant's favor is so great as to warrant our interference with the verdict of the jury, or the judgment pronounced thereon by the trial court, who also met the witnesses face to face.

If the sale to Corregen were actually completed, appellant must be held to have considered and favorably determined the latter's financial responsibility.  And appellee was entitled to his commission, even though it may afterwards have transpired that Corregen was unable to meet deferred payments as they became due.

In support of his motion for a new trial, appellant offered to prove by the affidavits of two or more jurors who tried the cause " that the jury arrived at their verdict upon the theory that defendant, Wray, and R. A. Corregen concerted together to make the sale afterwards to J. C. Davis; that the jury believed that Corregen was wholly irresponsible, but that Carpenter had brought Corregen and Wray together, and that they afterwards made the sale."  The court did not err in refusing to receive or consider these affidavits.  As a general rule affidavits of jurors stating the theory or ground upon which they rendered their verdict will not be received for the purpose of impeaching the same.  Thomp. & M. Jur., § 440, and cases cited.

If the court erred in receiving evidence tending to show that subsequent to the commencement of the present suit appellant sold the premises in question to a third party (a point we do not determine), such error could not have injured him; for the effect of such evidence, if it were given any effect whatever, would be to corroborate appellant's theory that the sale to Corregen was never consummated.  Nor do we perceive how the supposed aid of Corregen in

bringing about the alleged sale to Davis could make any difference. Being error without prejudice to appellant, the matter constitutes no ground for reversal.

The second instruction given stated correctly the law applicable to a completed sale. It was not intended to cover the rule authorizing a recovery of commissions where the agent has introduced a purchaser acceptable to the owner, and able and willing to buy upon the owner's terms, but by fault of the owner the sale is not consummated. This rule had already been fully and fairly stated in the preceding instruction. Besides, appellant is not in position to raise this question; for, while the formality of noting his exception to the charge is done away with, the record should, nevertheless, show that by some proper objection he invited the trial court's attention to the alleged error, and thus gave an opportunity for its correction at the time.

All the matters urged in this court by counsel for appellant having been noticed, and no material error appearing, the judgment will be affirmed.

*Affirmed.*