Bissell, J.,
delivered the opinion of the court,
Mrs. Elizabeth Crossland traded horses with one Ralph Brewster. Mrs. Crossland owned “Daisy” and Brewster owned “ Tim.” The exchange was made early in 1889 at Mrs. Crossland’s house. It proved very unsatisfactory to the Madam, who subsequently brought suit to recover her horse or its value, with damages for its detention. Within a reasonable time after the transaction, Mrs. Crossland attempted to rescind the contract, and did whatever was necessary to initiate her rights if she were entitled to rescind. The suit was founded on the deceit practiced by Brewster in making the barter, and in the complaint it was' charged that Brewster made sundry and divers false and fraudulent representations on which the plaintiff relied to her damage. The defense may be said to tender the general issue in every particular save as to its admissions. Brewster admitted that he represented his horse “ Tim.” “to be gentle, tractable and manageable and suitable for a lady to drive, and he averred *447 that the horse was just such an animal as he represented it to be,” reasserting what were alleged to be his statements as to the qualities of the animal and on which it was charged Mrs. Crossland relied. He denied that they were false or made with intent to cheat. It will be observed that there is nothing in the admission which amounts to an averment that the representations were made because Brewster believed them to be true, and that he had obtained his information concerning the animal from a source on which he had a right to rely. This is important with reference to one of the errors which the appellant assigns. The case was tried to a jury. The verdict was against Brewster, judgment was entered, and he appeals.
But three errors are insisted on to reverse the judgment. As is usual in most appeals it is asserted that the judgment is unsupported by the evidence. With this question we have no concern. The judgment rests on the verdict of a jury. This must be taken as conclusive on the question of fact, unless it is brought within some of the exceptions which the adjudications of the supreme court recognized as sufficient to warrant an appellate tribunal to disturb the verdict. None of the exceptions exist in this case. The finding is a decisive determination of the falsity of the representations, and the sufficiency of the proof to entitle the plaintiff to recover.
During the progress of the trial, and when tjie plaintiff was recalled for the purpose of giving rebuttal testimony she gave evidence tending to show that at the time of the trade Brewster stated that if it should turn out that what he had said concerning his animal was not true, and Tim did not prove to be the gentle, tractable beast he was represented to be, he would at any time consent to annul the trade and return the horse which he had received in exchange. No objection was interposed to the introduction of this testimony, but on cross-examination it transpired that this statement was made while he was leading Mrs. Crossland’s horse out to the wagon to hitch him, and after Tim had been put in *448 the stable. The defendant then moved to strike out that testimony, but assigned no ground as the basis of his motion. It is argued here that it was error to admit the testimony, since it was clearly evident that this statement was made subsequent to the substantial completion of the transaction, and after the title to the respective horses would by the law be assumed to have passed. In one aspect of the case there would be considerable force in the objection. It is quite possible that if the defendant had asked an instruction directing the jury to consider this evidence solely with reference to its bearing upon the question of the intent, and the court had refused to give it, error might have been laid. It cannot be held however that it was error for the court to deny the motion to strike it out, since clearly the testimony tended to show that the defendant made the representations which he did concerning the qualities of the animal with the intent to have the plaintiff act on the strength of what was said. What its collateral effect may have been upon the deliberations of the jury it would not be easy to estimate, but the defendant’s only remedy, if he desired to escape what he now asserts was its baleful influence, lay in a request to the court to charge the jury on that subject. Failing in this it is not such an error as would necessitate the reversal of the case, for it cannot be seen that it worked to the defendant’s prejudice.
The principal objection urged, and on which a very learned and able argument has been made by counsel for the appellant, is laid on the instruction which the court gave to the jury concerning the representations. The court charged the jury generally in accordance with the law which governs actions for deceit. The instruction failed to contain one limitation which under some circumstances operates to bar the recovery. It is not every false statement or misrepresentation made with the intent that the other person should rely upon it, and on which that party acts to his prejudice and damage, which will warrant a recovery. It is often true that a false statement, positively made, is uttered in the be *449 lief that the statement is true, and that belief is based on information which would justify it. As counsel accurately contend, this principle is as well ingrafted on the law of fraud as any other, and it must always be recognized in a proper case, and any neglect on the part of the cojirt to state the exception where the evidence renders it necessary, and where the question is properly preserved, must undoubtedly be error. This concession will not lead to the reversal of the present case. There are many sufficient answers to the contention. In the first place, if a party intends to rely on his belief in the truthfulness of his representations, and to justify their making by proof of the grounds of his belief, it is incumbent on him under our system of pleading to defend on that basis. He cannot be permitted to admit the making of the representations, assert them to be true, and then in his proof seek to justify because he believed them to be true, and offer proof of a basis which legally justifies that belief. The admission that the representations were made and the reaffirmation of their truth are inconsistent and incompatible with evidence of the description. Under these circumstances he should not be permitted to introduce such testimony. Whatever may be the rule of pleading on this subject the defendant cannot insist upon this point in the present case, since he failed to offer to make the proof which he now says requires the statement of the exception in the instruction.
A more conclusive answer to the contention, if the thing be possible, is found in the fact that the record fails to disclose that counsel made any objection to the instruction. Wray v. Carpenter, 16 Colo. 271; D. & R. G. R. R. Co. v. Ryan, 17 Colo. 98.
Under these circumstances no valid assignment of error can be predicated on the giving of the instruction.
These considerations dispose of all the objections urged in the argument which are needful to be considered, and since the alleged errors are without foundation, the judgment of the court below must be affirmed.

Affirmed.