HALLACK ET AL., APPELLANTS, v. HINCKLEY, ADM'X, ETC., APPELLEE.

1. APPELLATE PRACTICE.

The evidence will not be reviewed for the purpose of passing upon its weight. The verdict of the jury is generally conclusive.

2. BROKER'S COMMISSIONS.

Under a contract to procure a purchaser, a broker is entitled to his commissions, when it is shown that he procured and introduced to his principals a purchaser to whom a sale was made, even though such purchaser should thereafter fail to meet all deferred payments.

3. PRACTICE.

Good practice will not permit a document, not set out in a complaint, to be made part of an answer by a simple reference thereto.

*Appeal from the District Court of Arapahoe County.*

CHARLES A. HINCKLEY, as plaintiff, brought this action to recover certain commissions upon the sale of mining property belonging to appellants, Erastus F. Hallack *et al.* In the complaint appellants' ownership of the property is averred, and plaintiff's employment as a mining broker pleaded.

It is further alleged that on the 15th day of February, A. D. 1888, the defendants agreed with plaintiff, in consideration of plaintiff's agreement with them to exercise his skill and experience as a mining broker for them and in their behalf, to pay the plaintiff the sum of $15,000, in the event he should procure for them a purchaser for the mining property described; that thereafter the plaintiff did procure such purchaser in the person of one Willard R. Green, who was able, ready and willing, and did purchase the properties of defendants; that of said commission of $15,000 the plaintiff has received only the sum of $3,333.33, and demands judgment for the balance, with interest.

To this complaint the defendant, J. Henry Weil, filed a special answer, the defendants Hallack, and Tabor & Pierce joining in a separate answer. The two answers are substantially alike. In these answers the ownership of the property

by the defendants as alleged in the complaint is admitted. It is denied that the defendant was a mining broker, or engaged in that business. It is denied that defendants ever engaged the plaintiff to procure a purchaser for the mining properties, or that the plaintiff did in fact procure such purchaser. Each of these answers also contains this express admission :

"That on or about, to wit, the twenty-ninth day of September, A. D. 1888, the defendants herein, together with said Du Bois, did deliver to said Green their certain deeds of conveyance to each and all of said lots and parcels of said mining property in said complaint described, save and except said Weil lode mining claim, which by agreement of the said parties to said sale was excepted therefrom."

It was also admitted these deeds were filed for record in the office of the clerk and recorder of Lake county.

Upon these pleadings the parties thereafter entered into a trial before a jury in the district court. At the trial, just prior to the conclusion of plaintiff's testimony, the following admission was made and entered of record by counsel in open court :

"It is admitted that the properties described in the complaint were sold to Willard R. Green by the defendants, and the deeds to said property were duly placed of record with the recorder of deeds of Lake county, Colorado."

The suit up to this time had proceeded as an ordinary suit for commissions, but during the introduction of evidence by the defendants, over the objection of plaintiff, leave to file an amended answer was asked and obtained. In this answer all the parties defending united. By this pleading it was sought to vary the issues theretofore joined by setting up a contract entered into by Green with the defendants covering the sale of the properties described in the complaint, and also certain other properties. The allegations of the amended pleading read as follows :

"And these defendants, while denying the existence at any time of said pretended contract, or that plaintiff did at any time, in pursuance of said pretended contract, either procure

or produce or introduce to the defendants the said Green, further answering, say that on or about the fifteenth day of July, A. D. 1888, the defendants herein did enter into a negotiation with said Willard R. Green in relation to the purchase by said Green of the mining properties of the said defendants heretofore, and in this answer described, and also of certain other mining properties, to wit, the D. H. Moffat lode, the Maxey lode, seven eighths of the Christmas lode, seven eighths of the Kokomo lode, which properties belonged to these defendants and one Bradford H. Du Bois, and did continue, from time to time, said negotiations with the said Green until the third day of August, A. D. 1888, at which time the defendants herein, together with said Du Bois, did enter into a certain contract in writing with said Green for the sale of said mining properties, in said complaint described, together with the properties in this answer specifically set forth, to which said contract of August 3, 1888, these defendants in this answer refer, and make the same a part of this their answer to said complaint.

" These defendants further answering, say that on or about the twenty-ninth day of September, 1888, the deeds of conveyance mentioned in said contract of August 3, 1888, and therein denominated Parcel One, were, pursuant to the terms of said contract as subsequently modified by the receipt of one hundred thousand dollars instead of one hundred and fifty thousand dollars, as therein provided to be paid within fifty days from its date, delivered by the defendants to said Green ; and furthermore, these defendants aver that the deeds of said properties mentioned in said contract of August 3, 1888, were not paid for, nor taken up as contemplated by said contract, and the sale of said properties was not consummated as therein provided for, and that the deeds therein mentioned, and denominated Parcel Two, were never taken up by said Green, and that no sale of the properties mentioned and described in said contract as Parcel Two was ever consummated, owing to the failure of said Green to keep and perform said contract on his part."

In other respects the amended answer is the same as the originals. A jury trial upon the issues joined resulted in a verdict and judgment for plaintiff. The defendants appeal.

Mr. L. S. DIXON, Messrs. RIDDELL, STARKWEATHER & DIXON, and Messrs. ROGERS & CUTHBERT, for appellants.

Mr. RALPH TALBOT and Mr. JOHN F. SHAFROTH, for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The court instructed the jury in part as follows:

" In other words, the jury are instructed that, under the pleadings and admissions entered of record in this case, the sale by the defendants of the mining properties described in the complaint to the said Willard R. Green is an admitted fact, and it remains for you to determine the following issues, affirmed on the one side and denied on the other, to wit:

" *First.* Did defendants agree with plaintiff to give plaintiff fifteen thousand dollars, if plaintiff should procure and introduce to the defendants a purchaser of said mining properties described in the complaint?

" *Second.* Did plaintiff procure and introduce Willard R. Green as a purchaser of the said mining properties described in the complaint?

" *Third.* Did the plaintiff agree with defendants that he was to receive his commissions only as and when payment should be made by the purchaser, at and after sale to the purchaser, and in proportion to such payments, and only in case such payments should be made?"

It is to be observed that in giving the foregoing instructions the court treated the issues originally joined as not changed by the amended answer, and this is assigned for error. Appellants in support of this assignment of error say, " The amended answer alleged * * * that the plaintiff un-

dertook to find a purchaser for other properties than those mentioned in the complaint."

We are unable to find any basis whatsoever for this contention, it being nowhere alleged that plaintiff did undertake to find a purchaser for any property save and except that designated in the complaint. We have quoted in full in the statement preceding this opinion the paragraphs supposed to contain such allegation. It is to be noticed that the contract set up in these paragraphs is a contract between the purchaser, Willard R. Green, and these defendants as the owners of the property. Nothing is charged with reference to the plaintiff Hinckley undertaking to find a purchaser for other properties. In fact, it is expressly denied that he either introduced Green to the defendants or had any connection whatever with the sale of any of the property described in the pleadings.

The evidence shows that Green's contract with the defendants called for the payment by him of $500,000 in addition to $15,000 theretofore paid. By their agreement with plaintiff he was to have a commission of $15,000 for procuring a purchaser for the properties described in the complaint. The earning of this commission in no way depended upon the result of the negotiations for the sale of any other property.

Just prior to plaintiff's closing his evidence it was expressly admitted by counsel that the properties described in the complaint were sold to Willard R. Green by the defendants.

Under these circumstances the issues submitted to the jury were properly explained and limited by the instructions given.

The evidence upon the first and second of these issues is so clear and convincing that it would have occasioned surprise if the jury had reached any conclusion other than one favorable to the plaintiff. In performing his contract Hinckley is shown to have conducted a lengthy correspondence with reference to the sale of the property, and to have incurred considerable expense in bringing the negotiations to a favorable termination. As the result of his exertions, extending over a series of months, he brought the property to the attention of Willard R. Green and introduced him to each of

the appellants.   They being unwilling to permit plaintiff in person to conduct the sale, undertook and did consummate a contract of sale with Mr. Green.   Upon this contract the sum of $115,000 was paid by the purchaser, and the balance of the purchase price arranged satisfactorily to the owners. Deeds to the property were accordingly duly executed and delivered to the purchaser and filed of record in the proper county.

It is shown without substantial contradiction that the defendants were to pay the sum of $30,000 to plaintiff Hinckley and A. T. Gunnell, upon condition that they separately or together should succeed in procuring an acceptable purchaser, able and willing to buy the property.   It is true there is some conflict in the evidence as to whether such contract provided for the separate payment of one half of the above amount to the plaintiff.   That such was the contract is testified to by the plaintiff himself, and a number of other witnesses, and, while the evidence is conflicting as to whether this was a joint or several contract, the finding of the jury in favor of plaintiff cannot be disturbed.   The admitted fact that partial payments of commissions had been made to Hinckley and Gunnell separately no doubt had great weight with the jury. It is urged that plaintiff under his contract only became entitled to the commission pro rata in proportion to the amount actually paid by the purchaser.   This issue was fairly submitted to the jury under proper instructions and determined against this claim of defendants.   By a well settled rule we are precluded from reviewing the evidence for the purpose of deciding upon its weight.   The verdict of the jury is conclusive upon this review.

In perfecting arrangements for the sale of these properties, one William Holmes assumed to act as agent in London for the appellants, and evidence of the declarations and agreements of such agent in and about such negotiations were, it is said, improperly admitted, for the reason that his agency was not sufficiently established.   This claim of want of authority on the part of Holmes is overthrown by the evidence.

The witness Green testified that all the appellants informed him "that Mr. Holmes of London was their agent and that they would furnish him with power sufficient to bridge over any question that might further arise, as they now wished to complete the negotiations that were pending." It is also in evidence that letters written by the appellants to Holmes gave him full authority to act for them. It further appears that Holmes was given express authority to receive the $100,000 in lieu of $150,000, as originally provided by the contract. Telegrams were also introduced in evidence from one or more of the appellants representing the others, giving Holmes full authority in the premises. Afterwards the appellants accepted and acted upon the contract as modified by Mr. Holmes. The agency of Holmes was thus sufficiently established to warrant the submission of his declarations to the consideration of the jury.

It is quite immaterial whether the contract between appellants and Green was a contract of purchase, or merely an option to purchase, in view of the fact that a sale was thereafter in fact consummated under it. Under a contract such as claimed by the plaintiff in this case, the broker is entitled to his commissions when it is shown that he procured and introduced to his principals a purchaser to whom a sale was in fact consummated, even though such purchaser should thereafter fail to meet all deferred payments. *Wray v. Carpenter*, 16 Colo. 273.

When the cause first reached this court there was some question with reference to the amount of interest allowed by the district court. Appellee now offers to remit the sum of $2,479.16 interest from the amount of the judgment. This being the excess claimed by appellants, all controversy in reference thereto is eliminated from our consideration. The judgment is accordingly reversed, with directions to the district court to enter a judgment *nunc pro tunc* for the amount of the former judgment, less $2,479.16, appellee to pay the costs of this appeal.

*Reversed.*

ON PETITION FOR REHEARING.

PER CURIAM.   The able and exhaustive argument presented by appellants upon this petition for a rehearing has induced a further review of the decision heretofore rendered, and the pleadings and evidence in the case.   As a result of such review, we are fully persuaded that the judgment of the district court, less the amount directed by this court to be deducted as interest, is not only fully warranted by the pleadings and evidence, but that it does substantial justice between the parties.

In the first instance it was insisted that the *allegata* and *probata* do not correspond.   The variance relied upon by counsel is more specifically pointed out as follows: Plaintiff by his complaint alleges that he was to procure a purchaser for the eight properties described therein.   The proof shows that plaintiff procured a purchaser for seven only of the properties, therefore he cannot recover under this complaint.

Aside from the admission of the answer as to the sale to Green, we again call attention to the following stipulation entered into at the trial: " It is admitted that the properties described in the complaint were sold to Willard R. Green by the defendants, and the deeds to said property were duly placed of record with the recorder of deeds of Lake county, Colorado."   The properties described in the complaint to which reference is made in this stipulation are, without doubt, the eight properties for which plaintiff under his contract undertook to procure a purchaser.   Plaintiffs in error argue that as by the stipulation it is admitted that the deeds to said properties were recorded in Lake county, while as a matter of fact the deed to one of the properties was not so recorded, as was well known to all parties at the time of the trial, it is evident that the stipulation refers to seven only of the eight properties described in the complaint, and that as a matter of fact the eighth property (the Weil lode) was not sold.   In our judgment this argument is overthrown by the positive terms of the stipulation.

It is unnecessary to follow appellants in their argument based upon the statement preceding the opinion to the effect that the defendants sought by the amended answer to change the issues, as nothing whatever in the opinion is predicated upon this statement.   The amended answer has been considered and treated by the court throughout as a proper pleading. By so doing, we must not, however, be understood as sanctioning a practice which permits a document not set out in the complaint to be made a part of an answer by a simple reference thereto, as attempted by the amended answer.

The reference in the former opinion to parcels one and two is perhaps not strictly accurate, and it will be stricken out; otherwise, such opinion is adhered to.

*Rehearing denied.*