## THE OTERO CANAL COMPANY v. FOSDICK.

### SAME v. HUNGERFORD.

1. COUNTY COURT'S JURISDICTION.

The jurisdiction of the county court is limited to cases in which the debt, damage or claim or value of the property does not exceed two thousand dollars, except in cases relating to the estate of deceased persons.

2. IMMATERIAL ERROR—WAIVER.

Error, if any there be, in changing the venue from the county to the district court, on the ground that the amount in controversy as claimed by respondent exceeds $2,000, is waived where the parties appear generally in the latter court, amend their pleadings, and go to trial without objection.

3. EMINENT DOMAIN—FORM OF REPORT OR VERDICT.

The provisions of the statute as to what shall be contained in the report of commissioners or the verdict of a jury in eminent domain proceedings are mandatory.

4. SAME—ADDITIONAL DEPOSIT.

Where the petitioner in condemnation proceedings desires to occupy and use the premises pending appellate proceedings, it is proper to

order an additional deposit sufficient to cover the amount of the compensation ascertained and awarded.

*Appeal from the District Court of Otero County.*

Mr. B. L. CARR, for appellant.

Mr. M. B. GERRY, for appellees.

CHIEF JUSTICE HAYT delivered the opinion of the court.

This action was instituted by appellant under the eminent domain statute for the purpose of securing a right of way for a ditch about to be constructed through the appellees' lands. At the inception of the proceedings there were two cases commenced in the county court of Otero county, and afterwards taken to the district court upon change of venue. Affidavits upon which the change of venue was produced were filed by the appellees, setting forth that the amount involved in controversy was beyond the jurisdiction of the county court. In the district court the two actions were consolidated for the purposes of the trial.

After such consolidation, amended pleadings were filed in both cases in the district court. In the amended complaint in the *Fosdick Case* it is alleged that a portion of the land sought to be condemned is a part and parcel of the public domain of the United States, occupied by appellee as a pre-emption or homestead, under the laws of the United States, the title thereto being in the United States government; that the remainder is the property of the state of Colorado, but held by lease to the appellee, and that his right was simply a leasehold interest. The same allegations are made in the *Hungerford Case*. The answers in both cases admit the qualified ownership alleged in the complaint. By stipulation of parties, W. N. Randall, George Morris and C. W. Bomgardner were appointed commissioners to determine the necessity for taking the lands named in the petition and to ascertain and fix the damages and compensation to be awarded the ap-

pellees. The commissioners having duly qualified, heard the evidence submitted, and viewed the premises, returned their award as follows:

"The undersigned, W. N. Randall, George Morris and C. W. Bomgardner, commissioners appointed by the judge of this court, by order dated December 15, 1890, to ascertain and determine the necessity for the taking of lands described in the complaints herein, for the purpose of constructing the canal of the plaintiff and to appraise and determine the damages and compensation to be allowed the owners and persons interested in the real estate so proposed to be taken and damaged for the purpose alleged in the petition herein, respectfully report that, as such commissioners, we held our first meeting at the town of La Junta, on the 29th day of December, A. D. 1890, and by agreement of the parties hereto, adjourned to the 12th day of January, A. D. 1891, when we met and issued subpœnas, then adjourned to the 26th day of January, A. D. 1891, when we met at the town of La Junta for the purpose of hearing the testimony and continued the taking of testimony until the evening of the 27th day of January, 1891. All parties to said actions appearing, the said plaintiff by B. L. Carr and Geo. A. Kilgore, its attorneys, and the said defendants by Gerry and Campbell, their attorneys; that on the 28th day of January, 1891, we viewed the premises in controversy, and on the 29th day of January, 1891, we listened to the arguments of the counsel; that we have heard all the proofs and allegations of the parties, and after viewing the said premises, we have ascertained and do hereby certify as follows:

"That in order to construct this canal it is necessary for the plaintiff to take and use that portion of the lands *occupied* by the defendants, hereinafter described.

"That an accurate description of the lands occupied by the defendant Fosdick, so necessary to be taken is as follows:

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

"That the value of said land so actually taken is $356.75.

"That the damages to the remainder of said Fosdick's land amount to the sum of $1,390.00.

"That the value of the benefits amount to $————.

"That an accurate description of the land occupied by the defendant, Hungerford, so necessary to be taken is as follows:

\*    \*    \*    \*    \*    \*    \*    \*

"That the value of said land so actually taken is $128.95.

"That the damages to the remainder of said Hungerford's land amount to the sum of $920.00.

"That the value of the benefits amount to $————."

Petitioner filed exceptions to the report of the commissioners, which exceptions were overruled and the report approved by the court. It was further ordered:

"That petitioner be and is hereby ordered to deposit to the credit of the defendants, or with the clerk of the court for that purpose, the balance of the compensation found by said report, to wit:

"The sum of $1,095.70 in excess of the amount heretofore deposited with the clerk of this court for that purpose, to wit:

"The sum of $1,700.00 within ten (10) days from this date, whereupon said plaintiff prays an appeal from the orders of this court overruling motions and exceptions to report of commissioners and rule denying motion to order an amended report of the commissioners."

The first error argued brings up for review the action of the county court in changing the venue from the county to the district court. Under the constitution and statutes of this state the jurisdiction of the county court is limited to cases in which the debt, damage or claim or value of the property does not exceed two thousand dollars, except in cases relating to the estates of deceased persons. According to the affidavits of defendants in each of these cases, the

amount involved exceeded the jurisdiction of the county court. It is, however, entirely unnecessary for us to consider the question as to whether or not the county court erred in changing the venue to the district court. It is sufficient for the purposes of this case to know that the parties entered a general appearance in the district court, filed amended pleadings and proceeded to trial without objection, and that the award in each case was within the jurisdictional limit fixed to the county courts. If, therefore, the county court committed error, such error was waived in the district court by the parties.

It being conceded by the pleadings that neither of the defendants was the owner in fee of the land sought to be appropriated by the plaintiff, it is claimed that the award is erroneous upon its face in that by its strict terms the defendants were allowed the value of the land actually taken. There would be much force in this contention of counsel if it were not for the statute of this state which requires the report to be in the form in which we find it in this record. The statute reads:

" The report of the commissioners or the verdict of the jury in every case shall state:

" *First*—An accurate description of the land taken.

" *Second*—The value of the land or property actually taken.

" *Third*—The damages, if any, to the residue of such land or property; and,

" *Fourth*—The amount and value of the benefit." Sec. 1732, Mills' An. Stats.

In *D. & R. G. R. R. Co. v. Stark*, 16 Colo. 291, it is said that the statute is mandatory as language can make it. Under these circumstances, the fact that the commissioners in making their award followed the language of the statute literally should not occasion surprise.

It is evident, however, that they fully understood the nature of respondent's title to the premises sought to be condemned; hence we cannot assume that they awarded com-

pensation for a higher estate than that actually held by respondents.  Although the language of the award is susceptible of such a construction, it is, we think, apparent that the award in this particular was framed in compliance with what was understood to be the command of the act.

At no time has the nature of respondent's title been in dispute.  It is alleged in the complaint, and admitted in the answers, while in the report the lands taken are referred to, not as the lands of the respondents, but as the lands *occupied* by them.

Under the circumstances, we think it would be improper to assume that respondents were awarded damages for a greater interest than that actually held by them in the premises.  We shall therefore decline to follow' counsel into a discussion as to the rule of damages in cases of preëmption, homestead or leasehold claimants.

There was no error in ordering an additional deposit sufficient to cover the amount of compensation ascertained and awarded.  It is required by the statute, where, as in this case, petitioner desires to occupy and use the premises, pending appellate proceedings.  Mills' An. Stats., secs. 1725–1728; *D. & N. O. R. R. Co. v. Lamborn et al.*, 8 Colo. 380.

The order must be affirmed.  If, however, petitioner desires to abandon the proceedings and surrender possession of the property, it should present its application in this behalf to the district court immediately after the remittitur from this court is filed therein.

*Affirmed.*