## NORTON v. YOUNG.

6    187<br>35S   141

1. PRACTICE—WAIVER.

Plaintiff was nonsuited in the county court, and, without making a motion to set aside the nonsuit according to the act of 1885, he appealed to the district court. The defendant's motion to dismiss the appeal being there denied, he appeared as though there were no irregularities in the proceedings, and, without taking an exception to the ruling, renewing his objection or standing upon his motion, introduced witnesses, etc. *Held*, that he waived objection to the jurisdiction of the district court.

2. PLEADING—PROOF.

A material allegation in a complaint which is not denied stands admitted.

3. FENCE LAW—TRESPASS.

A lawful fence is not required to protect one's property against a willful trespasser who breaks into the inclosure and destroys the property.

*Appeal from the District Court of Arapahoe County.*

Mr. CHARLES M. GARWOOD, for appellant.

Messrs. COE & CARPENTER, for appellee.

BISSELL, J., delivered the opinion of the court.

This is an extraordinary judgment, for which no reason can be found in the record. In the late spring and summer of 1892, the appellant Norton was in possession of a section of land in Arapahoe county. During his occupancy the appellee owned a lot of sheep, which were either running in the vicinity, on unoccupied land, or were being moved between two different points. The land was inclosed with a fence made of three barbed wires of sufficient size and strength to turn sheep. The flock was in charge of a herder. The sheep were turned onto the land occupied by Norton, ate up the pasturage, and Norton sued for the damage. The case was first tried in the county court, where the plaintiff was nonsuited, and, without making a motion to set aside the nonsuit, according to the provisions of the act of 1885, Session Laws of 1885, p. 158, he took an appeal to the district court. The defendant there moved to dismiss it, and the court denied the motion. The record shows no exception taken to this action, but afterwards the defendant went on with the regular prosecution of his defense, without renewing his objection or standing upon his motion. He introduced witnesses, made a motion for a nonsuit, and regularly appeared as though there were no irregularities in the proceedings which brought him there. While the testimony was being introduced, the defendant objected to Norton's evidence of title to the land, although no issue respecting it was raised by the pleadings. It appeared that Norton was in possession and there by virtue of some leasehold right given to him by the owners of the property. When Norton tried to prove the sheep were on the land and consumed the grass, the defendant objected because the evidence disclosed the fence to be not a statutory or lawful fence as prescribed

by the law. The court sustained this objection, and Norton then offered, while the witness was on the stand, to prove, in such a form the record fairly presents the matter for our consideration, that the sheep did not break through, but that the fence was cut and torn down by the defendant and his herder, and the sheep turned onto the land deliberately for the purpose of pasturage. The court refused to hear the testimony, holding the proof inadmissible because the fence which was destroyed was not a statutory fence.

This statement practically decides the case, and the expression of the legal reasons on which our judgment is based is almost a matter of supererogation. The appellee asserts a lack of jurisdiction in the district court to hear and try the case, because it was brought there in disregard of the act of 1885. Under some circumstances this contention might be well based, and the party who took the case to the district court under such circumstances might be precluded from trying it in that forum. However this may be, no such case is presented by the present record, because it is clearly brought within the doctrine of waiver of this jurisdictional matter by the acts of the defendant in the district court. This is a court of general jurisdiction, and it acquired jurisdiction of the defendant by the procedure. *Colo. Central R. R. Co. v. Caldwell*, 11 Colo. 545; *Schoolfield v. Brunton et al.*, 20 Colo. 139; *Otero Canal Co. v. Fosdick*, 20 Colo. 522.

The other positions taken by the appellee are equally without merit. The weakness of the plaintiff's proof respecting his title may be disregarded for two reasons: *First*, the title was sufficiently alleged in his complaint, and there was no issue taken on it in the answer. It must thus be true that the plaintiff had a right to recover, if he alleged a title which would sustain trespass. This he had done. A better reason is, trespass may be maintained by one who is in the occupancy of property as against a wrongdoer who has no better right. Waterman on Trespass, vol. 2, chap. 5.

The only remaining matter urged upon our attention is the anomalous defense that a party has a right to occupy

another's land with his stock, cutting down his fences for the purpose, providing they are not lawful fences according to the statute. It is impossible to concede that the existence of a lawful fence is necessary to protect one's property against a willful trespasser, who breaks into an inclosure and destroys your property. *Fugate v. Smith*, 4 Colo. App. 201.

If Norton was able to prove that the defendant or his herder, or both of them, tore down the fence and turned in the sheep, he was entitled to recover for whatever damages he was able to prove he had sustained from the trespass.

The judgment will be reversed, and the case remanded for a new trial.

*Reversed.*