THE DENVER AND RIO GRANDE RAILROAD COMPANY v.
ROSUCK.

1. APPELLATE PRACTICE—BILL OF EXCEPTIONS.

In the absence of a bill of exceptions, rulings admitting or excluding
testimony, or in giving or refusing instructions, will not be reviewed.

2. SAME.

The complaining party must show that in some way and at the proper
time the trial court's attention was called to that which is alleged
to be erroneous, or fail in his proceeding to reverse the judgment.

*Appeal from the District Court of Mesa County.*

Messrs. WOLCOTT & VAILE and Mr. W. W. FIELD, for
appellant.

Messrs. SULLIVAN & WHEELER, for appellee.

BISSELL, J., delivered the opinion of the court.

The reason for the prosecution of this appeal is not very
evident. The record is in a condition which practically con-
cludes the consideration of any questions which would fur-
nish a basis to reverse the judgment, or on which there could
be a discussion of any propositions of law. There is no bill
of exceptions, and without it we are ignorant as to the proof
which the plaintiff offered, or the defense which was made,
and we are likewise unable to determine whether the court
committed error in the admission or exclusion of testimony,
or in giving and refusing instructions.

The suit was brought to recover damages sustained by the
alleged wrongful expulsion of the plaintiff by the conductor
of a train, because she was without a ticket which entitled
her to transportation. It appears she had bought a ticket of
the agent at Grand Junction, from thence by Omaha to Des
Moines. In some manner which we cannot understand, the
agent failed to attach the proper coupon, and the passenger

had no evidence of a right to ride when she started on her
journey.  The complaint charged that she was put off.  The
instructions would seem to indicate that while she was not
directly excluded from the train, her leaving was caused by
the action of the conductor, and the question of the liability
of the company for this act seems to have been submitted to
the jury.  There is a wide difference between the case put
by the instructions and that made by the complaint; the one
being apparently a suit where the plaintiff counted on a
breach of contract, and the other where she sought to recover
for a tort.  The company insists there was a variance between
the allegations and the proof, and they contend because we
can inferentially determine from the instructions there was
such a variance, the case must be reversed.  We cannot so
conclude.  The evidence may have made out a case to which
the instructions were entirely applicable, and if this testi-
mony was admitted without objection and the defendants
did not complain at the conclusion of the trial because of the
variance, the case was properly submitted to the jury on the
hypothesis which the evidence justified.  The company com-
plains of the instructions.  It is quite evident some of them
are radically wrong, and it is scarcely possible to conceive of
a case to which they could be correctly applied.  The rela-
tive duties and responsibilities, rights and privileges of com-
pany and passenger and of employé and passenger are not
accurately stated, and the jury may have been misled.  The
appellant, however, may not complain, because the question
is not saved in the record.  It is quite possible objections
were made to the instructions on which error is now laid, and
that the ruling of the court thereon would have appeared in
the bill of exceptions.  But none appear in the record as it
is certified to us, and it is pretty well settled in this state the
complaining party must show that in some way and at the
proper time the court's attention was called to what is
alleged to be error, otherwise proceedings to reverse the
judgment cannot be successfully prosecuted.  *Williams v.
Williams*, 20 Colo. 51; *Patrick Red Sandstone Co. et al. v.*

*Skoman*, 1 Colo. App. 323; *D. & R. G. R. R. Co. v. Ryan*, 17 Colo. 98; *Wray v. Carpenter*, 16 Colo. 271; *McClellan v. Hurdle et al.*, 3 Colo. App. 430; *Fugate v. Smith*, 4 Colo. App. 201.

These are the only two considerations which it is worth while to examine.

We are unable to find any manifest error which would permit us to interfere with the verdict and judgment, which will accordingly be affirmed.

*Affirmed.*