Bissell, J.,
delivered the opinion of the court.
The reason for the prosecution of this appeal is not very-evident. The record is in a condition which practically concludes the consideration of any questions which would furnish a basis to reverse the judgment, or on which there could be a discussion of any propositions of law. There is no bill of exceptions, and without it we are ignorant as to the proof which the plaintiff offered, or the defense which was made, and we are likewise unable to determine whether the court committed error in the admission or exclusion of testimony, or in giving and refusing instructions.
The suit was brought to recover damages sustained by the alleged wrongful expulsion of the' plaintiff by the conductor of a train, because she was without a ticket which entitled her to transportation. It appears she had bought a ticket of the agent at Grand Junction, from thence by Omaha to Des Moines. In some manner which we cannot understand, the agent failed to attach the proper coupon, and the passenger *289 had no evidence of a right to ride when she started on her journey. The complaint charged that she was put off. The instructions would seem to indicate that while she was not directly excluded from the train, her leaving was caused by the action of the conductor, and the question of the liability of the company for this act seems to have been submitted to the jury. There is a wide difference between the case put by the instructions and that made by the complaint; the one being apparently a suit where the plaintiff counted on a breach of contract, and the other where she sought to recover for a tort. The company insists there was a variance between the allegations and the proof, and they contend because we can inferentially determine from the instructions there was such a variance, the case must be reversed. We cannot so conclude. The evidence may have made out a case to which the instructions were entirely applicable, and if this testimony was admitted without objection and the defendants did not complain at the conclusion of the trial because of the variance, the case was properly submitted to the jury on the hjqpothesis which the evidence justified. The company complains of the instructions. It is quite evident some of them are radically wrong, and it is scarcely possible to conceive of a case to which they could be correctly applied. The relative duties and responsibilities, rights and privileges of company and passenger and of employé and passenger are not accurately stated, and the jury may have been misled. The appellant, however, may not complain, because the question is not saved in the record. It is quite possible objections were made to the instructions on which error is now laid, and that the ruling of the court thereon would have appeared in the bill of exceptions. But none appear in the record as it is certified to us, and it is pretty well settled in this state the complaining party must show that in some way and at the proper time the court’s attention was called to what is alleged to be error, otherwise proceedings to reverse the judgment cannot be successfully prosecuted. Williams v. Williams, 20 Colo. 51; Patrick Red Sandstone Co. et al. v. *290 Skoman, 1 Colo. App. 323; D. &. R. G. R. R. Co. v. Ryan, 17 Colo. 98; Wray v. Carpenter, 16 Colo. 271; McClellan v. Hurdle et al., 3 Colo. App. 430; Fugate v. Smith, 4 Colo. App. 201.
These are the only two considerations which it is worth while to examine.
We are unable to find any manifest error which would permit us to interfere with the verdict and judgment, which will accordingly be affirmed.

Affirmed.