Thomson, P. J.
The appellant was in possession of a tract of land in Bent county by virtue of a lease executed to him in behalf of the People of the State of Colorado, the owner of the land. The land was used for pasturage of his sheep. The appellees, a copartnership, had a large herd of sheep on land adjoining the appellant’s. The appellees’ sheep were from time to time driven across the line between the two tracts, and ate a,nd destroyed a quantity of grass on the land belonging to the appellant. The latter brought this suit against the appellees to recover damages for the injury thus done to his premises. The answer of the defendants admitted that the pasturage of plaintiff’s land was valuable to him in his business of raising sheep; but it averred that the land was not inclosed by a lawful or other fence; that there was nothing-on the ground to indicate the boundaries of the land; and that neither defendants nor their herders knew where such boundaries were. Upon the evidence *7 introduced for the plaintiff, a motion by the defendants for nonsuit was sustained, and judgment entered accordingly. The plaintiff appeals.
The evidence was that the defendants’ sheep were in charge of herders; that there were indications of different kinds along the line that was crossed by the sheep, by which the location of the boundary might be fixed, although the line was not defined by a fence of any kind; that while the herders were in the habit of driving the defendants ’ sheep across the boundary line, the plaintiff saw the man who managed the herd for the defendants, and in a conversation with him concerning the trespasses committed by the sheep, offered to show him the boundary, but he would not go to look at it, and declined to see it. The plaintiff also talked several times with Cooper, the senior member of the defendant firm, on the subject of the trespass, offering to show Cooper his boundaries; Cooper laughed at him at first, saying, i£I am not herding on your land; I know your land and boundaries, and I am not herding on you”; but at-subsequent conversations in which the plaintiff complained of the damage done by the sheep, Cooper applied abusive epithets to him, and at last threatened to inflict bodily injury upon him.' The trespasses continued, notwithstanding the plaintiff’s protests.
The sole ground relied upon by the defendants in support of the judgment is, that the statute concerning fences was disregarded by the plaintiff. That statute, after defining a lawful fence, provides that any person making and maintaining such a fence around his premises may recover from the owner of animals breaking through the fence all damages sustained on account of the trespass; but that, in the absence of such fence, there shall be no recovery.— Mills’ Ann. Stats., sec. 1941.
*8 The purpose of this statute was to enable an owner or occupant of land around which he maintains a fence constructed as prescribed, to recover damages from the owner of animals lawfully running at large, the damages he may sustain by reason of such animals breaking through his fence and entering upon his premises. It contemplates a case where the animals are not under the owner’s supervision, and he is himself without fault. But a willful trespasser cannot invoke its provisions. — Nuckolls v. Gaut, 12 Colo. 361; Fugate v. Smith, 4 Colo. App. 201; Monroe v. Cannon, 24 Mont. 316.
The evidence in the case before us was amply sufficient to support a finding that the defendants knowingly and willfully conducted their sheep upon the plaintiff’s land. The plaintiff offered to show their chief herder where the boundary was, but the latter refused to look; and he repeatedly attempted to acquaint the defendant Cooper with its location, meeting at first with derision and rebuff, and, finally, with threats of personal violence. Cooper, however, said, and repeated, that he knew where the boundary was. He either did know, or he willfully refused to know. In either case, the conducting of the sheep upon the plaintiff’s premises was a premeditated trespass. . The allowance of the nonsuit was error, and the judgment must be reversed.

Reversed.

Hunter, J., not sitting. •