[No. 5026.]
[No. 2577 C. A.]

BELL v. GONZALES.

**Trespass—Lawful Fence—Statutory Construction.**

Session Laws 1885, page 220, defining a lawful fence and providing that no person shall be allowed to recover damages for any injury to crops or grass or other vegetable products by trespassing animals unless the same at the time of the trespass are inclosed by a legal and sufficient fence, does not exempt from liability one who willfully drove and herded his sheep upon the land of another against the owner's protest.

*Appeal from the District Court of Las Animas*
*County:*
*Hon. Jesse G. Northcutt, Judge.*

Mr. THEODORE SMITH and Mr. W. B. MORGAN, for appellant.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

Action for damages for wanton trespass by defendant upon uninclosed lands of plaintiff. Defendant's demurrer to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, was sustained, and the plaintiff electing to stand by his complaint, the court dismissed the action. From this judgment of dismissal the plaintiff appeals.

There is no appearance in this court by the appellee; hence it is only by inference and from statements made by appellant in his brief that we are advised of the nature of defendant's contention below. Apparently defendant's position, in which the trial court coincided, was that the case came within our statute relating to the inclosure of lands by a lawful fence; hence no liability was incurred because plaintiff's lands were open. That such was his contention is obvious, because if this statute does not change the ordinary law of trespass the complaint undoubtedly contains all averments necessary to the creation of a legal liability on the part of the defendant. He alleges the possession and right of possession in the plaintiff of certain lands, and that while they were in his possession the defendant, being the owner of a large herd of sheep, against plaintiff's consent, and notwithstanding he expressly warned defendant not to pasture his herd thereon, at the same time pointing out its location, during a

stated period willfully and unlawfully drove and herded these sheep on these lands, to the plaintiff's damage in a certain sum.

The statute which is supposed to be controlling was passed by the fifth general assembly, and is found at page 220 of the Session Laws of 1885. The first section describes what shall be a lawful fence in this state, and the third provides that whoever makes and maintains such a lawful fence around his inclosure may recover in a suit for trespass from the owner of any animals which break therethrough for whatever damages are thereby sustained, and further provides that no person shall be allowed to recover damages for any injury to crops or grass or other vegetable products unless the same at the time of the trespass are inclosed by a legal and sufficient fence.

The statute has no bearing whatever upon the case made by the complaint. In *Morris v. Fraker,* 5 Colo. 425, this court established the rule in this jurisdiction that owners of crops can recover for damages done thereto by the trespasses of cattle only when the same are, at the time of trespass, inclosed by a good and sufficient fence. In *Willard v. Mathesus,* 7 Colo. 76, the doctrine of *Morris v. Fraker* was held inapplicable where the damage was done to crops growing upon uninclosed lands by a flock of sheep while they were in charge of a herder. In such a case it was held to be the duty of the herder in charge to use ordinary care to prevent their trespassing, and for his negligence in this respect the owner must respond for resulting damages. If liability attaches for mere negligence, *a fortiori* would it for an affirmative, willful trespass.

In *Nuckolls v. Gaut,* 12 Colo. 361, it was intimated though not expressly decided that where one willfully and deliberately drives his cattle upon the

premises of another for the purpose of pasturing on crops growing thereon damages may be awarded.

In *Norton v. Young,* 6 Colo. App. 187, the court said that it was impossible to concede that the existence of a lawful fence is necessary to protect one's property against a willful trespasser who breaks into an inclosure and destroys property, citing to the proposition *Fugate v. Smith,* 4 Colo. App. 201.

Other Western states have enacted similar fence laws, and in construing them it is universally held, so far as our investigation has extended, that they do not "authorize cattle owners deliberately to take possession of such lands and depasture their cattle upon them [uninclosed lands of another] without making compensation, particularly if this were done against the will of the owner, or under such circumstances as to show a deliberate intent to obtain the benefit of another's pasturage."—*Lazarus v. Phelps,* 152 U. S. 81, 85.

A case quite in point is *Monroe v. Cannon,* 24 Mont. 316. In our judgment the law as contained in the foregoing excerpt applies to the case in hand. Without burdening the opinion with the citation of authorities, we refer to their collation in 12 Am. & Eng. Ency. of Law (2d ed.) 1045.

The judgment being in conflict with the law as herein declared must be reversed and the cause remanded. We observe, however, that it may be that the value of the grass destroyed and water polluted for which damages are claimed is not sufficiently pleaded, or it may be the allegation concerning the same is wholly inadequate as a basis for the recovery of substantial damages. But as no objection on the ground of uncertainty was raised, and as the acts charged against defendant in the complaint entitle plaintiff at least to nominal damages, that pleading

in the particular noted is good as against the only ground of demurrer interposed.     *Reversed.*

Chief Justice Gabbert and Mr. Justice Steele concur.