## No. 11,829.

### OSBORNE *v.* OSMER.

Decided June 13, 1927.

Action for damages for trespass of cattle. Judgment for plaintiff.

### *Affirmed.*

### *On Application for Supersedeas.*

1. FENCE—*Animals—Trespass.* The absence of a lawful fence does not justify a willful trespass.

2. DAMAGES—*Animals—Trespass.* Fifty dollars damages for trespass of defendant's cattle on plaintiff's land held reasonable under the proof.

*Error to the District Court of Adams County, Hon. Samuel W. Johnson, Judge.*

Mr. FRED A. HARRISON, for plaintiff in error.

Mr. PIERPONT FULLER, for defendant in error.

*Department Two.*

MR. JUSTICE ADAMS delivered the opinion of the court.

OSMER, defendant in error, who was plaintiff in the district court, sued and recovered judgment against Osborne by way of damages for trespass upon plaintiff's land. Osborne asks for a supersedeas.

Osborne owned a herd of cows and pastured them on plaintiff's land without the latter's consent. In doing so, defendant or his hired man, with defendant's knowledge, took down and put up plaintiff's gate to get de-

fendant's cattle through to plaintiff's land.   Osborne was present mostly every morning for several months when this was done.   There was other evidence of similar import.

1.   Osborne seeks to justify his acts upon the ground that Osmer did not have a lawful fence.   Such an answer has no merit in this case.   The absence of a lawful fence does not justify a willful trespass.   *Bell v. Gonzales,* 35 Colo. 138, 83 Pac. 639, 117 Am. St. Rep. 179, 9 Ann. Cas. 1094; *Nuckolls v. Gaut,* 12 Colo. 361, 363, 21 Pac. 41; *Norton v. Young,* 6 Colo. App. 187, 189, 190, 40 Pac. 156; *Sweetman v. Cooper,* 20 Colo. App. 5, 8, 76 Pac. 925.

2.   Excessive damage is a subject discussed in the brief, but not assigned as error, in addition to which the damage was fixed by the trial court in the sum of fifty dollars, an amount which seems to us to be low, or very reasonable under the proof made.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.