M. B. BUFORD AND OTHERS, APPELLANTS, v. JOHN S. HOUTZ AND OTHERS, RESPONDENTS.

INJUNCTION.— To RESTRAIN TRESPASS.—Appellants owned the alternate sections of land through a district forty miles long and thirty-six miles wide, which were unfenced, the remaining sections of which belonged to the government, and brought suit for injunction to restrain defendants from crossing over said alternate sections and from pasturing their sheep thereon; *held*, that the facts stated in the complaint were not sufficient to warrant the granting of the injunction.

APPEAL from a judgment on demurrer of the district court of the third district.

The complaint alleges title in the plaintiff, describing the alternate sections by number, township and range, that the said lands above described comprise in all more than three hundred and fifty thousand (350,000) acres, and extend over an area of forty miles in a northerly and a southerly direction, by about thirty-six miles in an easterly and westerly direction; that said lands are very valuable for the pasturage and grazing of stock and are of little or no value for any other purpose, and were acquired and are now held by plaintiffs for the purposes aforesaid solely. That owing to the character of said lands, and the scarcity of water and the aridity of the climate where said lands are situated they can never be subjected to any beneficial use other than the grazing of stock; that said plaintiffs own and are possessed of a large number of horned cattle, to-wit: more than 20,000 head, of great value, to-wit: of the value of $100,000, and are engaged in the sole business of stock raising; that said plaintiffs now have, and for a long time last past have had, all said cattle running and grazing upon said lands; that said plaintiffs have no other lands upon which they can graze or pasture said cattle or any part or portion thereof, nor have plaintiffs any means whatever whereby they can keep or maintain said cattle or any part

or portion thereof, except by pasturing them upon these said lands, and that said lands are of no value to plaintiffs except for the purposes of pasturage for said cattle; that all the even numbered sections in each and all of the townships and fractional townships above mentioned belong to, and are a part of the unoccupied public domain of the United States; that said defendants have not, nor has either of them any right, title or interest or possession or right of possession of or to any of the lands embraced within any of the townships or fractional townships above mentioned or ever had; that none of said lands are fenced or enclosed except small portions thereof belonging to said plaintiffs, used for corrals, that it is impossible for plaintiffs to fence and enclose their said lands without enclosing large portions of said lands of the United States lying within the exterior boundaries of plaintiffs' lands; that they cannot fence and enclose their said lands without rendering large and valuable portions thereof of little or no value for purposes of pasturage because the cattle of plaintiffs running thereon would thereby be shut off and prevented from obtaining necessary water which only rises and flows in isolated subdivisions of said lands, and the sources of water supply are long distances apart; that said defendants, Houtz & Conant, now own, and for a long time last past, have owned a large number, to-wit: 15,000 head of sheep, and each of the other defendants to this action is now, and for a long time last past has been, the owner of a large band or herd of sheep; that the least number of sheep owned by any one of said defendants exceeds, as plaintiffs are informed and believe, 5,000 head; that they are informed and believe, and therefore charge the fact to be that the aggregate number of sheep so owned by said defendants, severally, exceeds 200,000 head; that the United States official survey has been extended over all the lands embraced within all of the townships and fractional townships aforesaid; that there are seven convenient, well known, well defined and regularly traveled highways over the land aforesaid, four of which run in a northerly and southerly direction, and three in an easterly and westerly direction, entirely across the lands embraced

within all the aforesaid townships and fractional townships; yet notwithstanding the facts aforesaid, that each of said defendants claims and asserts that he has the lawful right and is entitled to drive all sheep owned by him over, across and upon any and all of said lands of these plaintiffs and to graze and pasture the said sheep thereon wherever and whenever he may wish or desire so to do; that all said defendants, respectively, rely upon and set up a common, though not a joint, pretended right as the foundation of the said asserted right of each so to drive, graze and pasture his sheep thereon, and each of said defendants bases his said pretented and asserted right so to drive, graze and pasture his sheep on said lands of plaintiffs upon precisely the same state of facts as that relied upon by each of the other of said defendants in the assertion of his said asserted and pretended right so to do and not upon any other or different fact or state of facts. That is to say, each of said defendants claims that all the even numbered sections in each of said townships and fractional townships, being as aforesaid unoccupied public domain of the United States, he has an implied license from the government of the United States to drive, graze and pasture his sheep thereon and that he cannot so drive, graze and pasture his sheep upon said government lands without having them run, graze and pasture upon said lands of plaintiffs, and therefore, each of said defendants claims and asserts that he is entitled to have his said sheep run, graze and pasture upon said lands of plaintiffs as aforesaid.

That during the year last past, and while said plaintiffs were so the owners, in possession and entitled to the possession of said lands as aforesaid, each of said defendants, in pursuance of such claimed and asserted right, did repeatedly drive large bands and herds of sheep, over, upon and across the said lands of these plaintiffs and graze and pasture the same thereon to the great injury and damage of these plaintiffs; that said defendants and each of them, in pursuance of such claimed and asserted right so to do, threatens and is about to, and unless restrained by the order of this court, will drive large herds of sheep over,

upon and across said plaintiffs' said lands and graze and pasture the same thereon whenever and wherever they so desire; that sheep in pasturing on lands crop the natural grasses and herbage thereon growing close to the ground, leaving the same utterly bare and without vegetation, and with their feet cut and bruise the roots of said grasses and herbage under the surface and in great measure destroy the same, so that in a dry and arid climate, as that of Utah, it requires years of non-use for lands so pastured to be restored; that the droppings of sheep on lands are so offensive to horned cattle, that they will not range nor feed on lands which have been pastured over by sheep, but unless restrained by herders or inclosures will travel and range away from said lands to distant places, and in moving away will separate and scatter in small herds into different places, and the expense and trouble of collecting, herding and caring for them is thereby largely increased; that sheep, moving in large bands over lands, crop the same as they go, and usually travel three or four miles a day, and as they go, reduce the lands over which they pass to barren wastes; that if defendants, or either of them, are permitted to drive and pasture their said sheep on the said lands of plaintiffs as they threaten they will do, and as in the past they have done, the said lands of plaintiffs will be greatly damaged and for a long period of time in the future rendered valueless to plaintiffs for the purposes of grazing and pasturing their cattle; that there is no adequate way of estimating the amount of damages which will be suffered by plaintiffs should the defendants, or either of them, do as they threaten to do as herein stated, for the reason, among others, that the destruction of the food, grasses and herbage on plaintiff's said lands, will result in depriving plaintiffs' said cattle of necessary food, and thereby cause loss and great deterioration in flesh, and consequent value, which loss and deterioration cannot be adequately determined by witnesses; and there is no adequate way of compensating in money damages, the wrongs and injuries threatened as aforesaid, and the same, if suffered, will result in the destruction of plaintiffs' business in raising and growing stock, and will waste and

impair their freehold and obstruct them, and each of them in the use of their said property, and deprive them of the beneficial enjoyment of the same; that they have no plain, speedy or adequate remedy at law, and if defendants are suffered to commit said threatened wrongs, plaintiffs will be compelled to bring a multiplicity of suits for damages, and to prosecute and continue an exhaustive and interminable litigation, with no assurance of recovering adequate compensation for their losses, and in the meantime that their business will be destroyed; that owing to the situation of the plaintiffs' said lands, and the great extent of country covered thereby, as hereinbefore set forth, and the numerous parties defendants herein, who threaten to, and unless restrained by the order of said court will drive and graze their sheep on plaintiffs' said lands, as aforesaid, it would be impossible for plaintiffs to establish the amount of damages which they would suffer by such wrongful act and trespass of any particular one of the said defendants.

Wherefore plaintiffs pray the judgment and decree of said court:

1st.  That said defendants have not, nor has either of them, any right of way for any of his or their sheep, over said lands of plaintiffs, or any part thereof, except over and along the highways aforesaid; that they have not, nor has either of them, any right to graze or pasture any of his or their sheep thereon or on any part thereof.

2d.  That pending this action said defendants, and each of them, their and each of their agents, servants and employees, be enjoined from driving any of his or their sheep upon any of said lands, except over and along said highways, or permitting any of them to go, graze or pasture thereon, and that upon the final decree herein said injunction be made perpetual.

3d.  For such other and further relief as may be just and equitable.

Each defendant demurred separately on the ground that the complaint did not state a cause of action against him, and on the ground of misjoinder of causes of action and parties defendant.  The demurrer was

sustained, and plaintiffs electing to stand on their complaint judgment was rendered against them.

*Mr. W. H. Dickson, Mr. Charles S. Varian, Messrs. Bennett, Kirkpatrick & Bradley,* for appellants.

*Messrs. Kimball & White,* for respondents.

BOREMAN, J.:

Plaintiffs brought suit against defendants to restrain them from pasturing sheep on the lands of the plaintiffs, and for other purposes. The plaintiffs claim to own a great variety of alternate sections of railroad lands, and charge that the defendants own separate and distinct flocks of sheep, but pasture them in various parts of these alternate sections of land. The defendants demurred to the complaint, alleging as the grounds of demurrer that the complaint does not state facts sufficient to constitute a cause of action, and that it improperly unites different causes of action. The demurrer was sustained; and, the the plaintiffs electing to stand on their complaint, the action was dismissed by the court. From this judgment of dismissal the plaintiffs have appealed to this court. The case has been submitted without briefs and without arguments. The assignment of errors has reference wholly to the sustaining of the demurrer, and the consequent dismissal of the action.

The first ground of demurrer is that the complaint does not state facts sufficient to constitute a cause of action. It is a well-recognized fact, and one of which the court will take judicial notice, that a very large proportion of the lands in this region are used for grazing purposes, and for such purposes alone. It becomes a necessity, therefore, that the strict rules regarding trespass upon lands are not entirely applicable, or, at least, are very much modified. These lands were all originally government lands, and are mostly so at the present time. The government has tacitly given the public the privilege of pasturing on these lands, and the common practice is for the settlers to use them in common, except where they may be fenced.

When the government has made a transfer of any such lands, and thereafter they were allowed to remain open as before the transfer, the practice of using them as common pasturage has continued. The lands involved in the present suit are alternate sections in a tract of country 40 miles long and 36 miles wide. Through this tract of country there are four public roads running north and south, and three such roads running east and west. It is not stated in the complaint whether the sections not owned by these plaintiffs would be reached by these roads or not. Those sections not owned by the plaintiffs are still owned by the government, except in such instances as where parties have obtained a title from the government. Those owned by the government are open to occupancy and settlement, but settlers could not reach them if situated off from these roads referred to. And settlers, with their flocks and herds, reaching them, would necessarily have to pass over some land of the plaintiffs. If, therefore, any injunction were issued against such parties, in accordance with the complaint, they would be liable for contempt of court, and subjected to a heavy cost and inconvenience. If this injunction were granted it would become obligatory for all settlers passing through the country, and all herdsmen, to be constantly hunting the corners and boundaries of the plaintiffs' lands, none of which lands are fenced. It would be a source of great vexation and annoyance to the settlers and herdsmen, and virtually prevent their use of the public lands. The plaintiffs have had the privilege of passing over government lands in reaching their lands, and have had the privilege of pasturing on government lands in connection with their own. As long as they do not fence their lands, they ought not to complain that other people use their lands in the manner they had used the public lands. Some of the lands of the plaintiff are alleged not to be such as would justify the cost of fencing. The damage by the herdsmen to such lands, therefore, would be very slight. The granting of the injunction, as prayed, would give the plaintiffs virtual use of their own lands, and also of all lands within this vast tract of 40 by

36 miles.   Under all the circumstances stated in the complaint, we do not think that the facts stated were sufficient to justify the issuing of an injunction, or for granting any relief prayed for.   The demurrer was properly sustained, and we see no error in the dismissal of the action.   The judgment of the court below is affirmed.

ZANE, C. J., and HENDERSON, J., concurred.