(No. 4879. Decided December 29, 1904.)

EATON & COMPANY, *Appellant,* v. M. G. ROYAL *et al., as Directors of School District No. 1, of Thurston County, Respondents and Appellants.*[1]

SCHOOLS—UNIFORM COURSE OF STUDY—COMPLIANCE WITH COURSE PRESCRIBED BY STATE BOARD OF EDUCATION—DAMAGES. Where the course of study prescribed by the state board of education requires the use of a certain text book in specified grades, and the evidence shows that as to one of such grades it was not adopted by the school district, it may be assumed that the publisher is deprived of a portion of the benefit which it is entitled to receive from its

[1]Reported in 78 Pac. 1093.

contract to supply all of such books required by the public schools of the state, and an injunction should issue at the suit of the publisher, requiring the school directors to cause the same to be used in the grades for which it was prescribed.

Cross-appeals from a judgment of the superior court for Thurston county, Linn, J., entered July 14, 1902, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action for an injunction. Reversed.

*Vance & Mitchell* and *Ballinger, Ronald & Battle,* for appellant.

*M. G. Royal, C. D. King,* and *Troy & Falknor,* for respondents.

PER CURIAM.—The plaintiff corporation is the publisher of a text book for the use of schools, designated as The New Era History of the United States, and, as such publisher, it entered into a contract with the state board of education, wherein it agreed to supply said publication in sufficient quantities for the use of the public schools of the state, for the term of five years from and after September 1, 1900. This action was instituted by the plaintiff to obtain an injunction commanding and compelling the defendant board of directors to cause the plaintiff's said history to be used throughout the seventh and eighth grades or years of the public schools of the city of Olympia. From a judgment dismissing the action both parties have appealed.

The several legal questions presented herein by both appellants have already been considered and determined in *Westland Publishing Co. v. Royal (ante* p. 399), *Rand, McNally & Co. v. Same (ante* p. 420), and *Wagner v. Same (ante* p. 428), and, as the reasons on which

the court's conclusions were based are fully set forth in the opinions of the court therein (and which will be filed herewith), we shall not repeat them here, but content ourselves by endeavoring to ascertain whether the judgment of the trial court is supported by the evidence.

The course of study prescribed by the state board of education required the plaintiff's history to be used in the seventh and eighth years of the schools, and, as we have shown in the cases above cited, it was the absolute duty of the defendant directors to enforce, at least substantially, such course of study. But it appears from the evidence, and the court found, that the plaintiff's history was not used at all in the seventh year of said schools. And such being the case, we are of the opinion that the learned judge erred in holding that the plaintiff was not damaged thereby, and was, therefore entitled to no relief in this action. We think it can safely be assumed that the plaintiff has been deprived of a portion of the benefit which it is entitled to receive, under its contract, by the failure of the defendants to cause its text book to be used as such in the schools under their supervision during the seventh year, or any portion thereof, of such schools. The non-observance of duty, on the part of these defendants, which was shown in the *Rand, McNally & Co.* case (herewith decided) was no more culpable than that appearing in this case, and yet the trial court in that case ordered the issuance of a mandatory injunction against the defendants, and this court sustained the judgment.

For the error above indicated the judgment herein is reversed, and the cause remanded with directions to the court below to issue a writ of mandate commanding the defendants, as the board of directors of school district

No. 1, of Thurston county, to cause the said New Era History of the United States to be regularly used as a text book in the public schools of Olympia during the seventh, as well as the eighth, year of said schools. The plaintiff will recover costs herein.