## HALL et al. v. BARTHOLOMEW

No. 3107.   Decided December 21, 1917.   (169 Pac. 943.)

1. ANIMALS—TRESPASSING CATTLE—RIGHT TO RECOVER.   Comp. Laws 1907, section 20, giving right of action for trespass by cattle, permits recovery for trespass only when willfully permitted or when permitted with knowledge of the location of the lands owned by the aggrieved party.[1]   (Page 282.)

2. ANIMALS—TRESPASSING CATTLE—UNFENCED LANDS—NOTICE.   Permitting cattle to run at large on wild unfenced lands part of which is owned by another and upon which part are located springs of water charges the owner of the cattle with knowledge that, unless restrained, they will trespass in going to water.   (Page 283.)

3. ANIMALS—TRESPASSING CATTLE—QUESTIONS FOR JURY.   Evidence *held* to make jury question whether trespassing by cattle belonging to defendant entitled the landowner to recover, under Comp. Laws 1907, section 20.   (Page 283.)

4. ANIMALS—TRESPASSING CATTLE—INSTRUCTION.   Instruction that, if plaintiff were lawfully in possession of lands involved with boundary lines marked by posts, monuments, or other signs, so that defendant could ascertain by reasonable investigation where such lands were, or that defendant knew or should have known where the

---

[1] *Jones* v. *Blythe*, 33 Utah 362, 93 Pac. 994;   *Thomas* v. *Blythe*, 44 Utah 1, 137 Pac. 396;   *Mower* v. *Olsen*, 49 Utah 373, 164 Pac. 482.

lands were, or that he was notified to keep his cattle off of such lands, but permitted them to trespass, plaintiff could recover, fairly submitted facts constituting notice of location and boundaries of plaintiff's land. (Page 284.)

Appeal from District Court, Sanpete County, Seventh District; *Hon. A. H. Christensen,* Judge.

Action by W. T. Hall and Frank Hall against C. M. Bartholomew.

Judgment for plaintiffs. Defendants appeal.

AFFIRMED.

*Lewis Larson* for appellant.

*Dilworth Wooley* for respondents.

GIDEON, J.

Plaintiffs were in possession of approximately 1,700 acres of land in Sanpete County, Utah, lying along the top or summit of a range of mountains. The same was uninclosed, uncultivated pasture land. The land consists of two parcels, not adjoining each other, and on each of the separate pieces there is a spring which cattle and other stock frequent during the summer or grazing period. The defendant owns land lying to the west and some distance away from plaintiffs' land. Between the lands of the plaintiffs and that of the defendant there is privately owned property as well as land belonging to the public domain. All of the land of the plaintiffs, as well as defendant's land and the land lying between plaintiffs' and defendant's land, is wild, uncultivated pasture land suitable only for the purpose of grazing stock thereon. It is alleged in the complaint that during the summer and grazing seasons of 1914 and 1915 the defendant willfully, unlawfully, and against the wish and protest of the plaintiffs permitted his cattle to pasture on plaintiffs' land and suffered and permitted

his cattle to eat and destroy the grass and other vegetation growing thereon and to break down and destroy the corrals of plaintiffs located on their premises. It is further stated in the complaint that the boundaries of plaintiffs' lands were at all times marked and indicated by posts, stakes, and flags, and were well known to the defendant.

Answering the complaint, defendant denies that he had any knowledge or knew of the boundaries of plaintiffs' lands, and denies that said boundaries were marked by stakes or otherwise; denies that he willfully, or with his knowledge, permitted his cattle to go upon or to trespass upon plaintiffs' lands.

Trial was had before the court and a jury. Verdict was rendered in favor of plaintiffs. From the judgment entered on the verdict defendant appeals.

The principal errors assigned are that the boundaries of plaintiffs' land were not shown by the evidence to have been known to defendant; that there is no evidence showing that defendant willfully, or against the will of the plaintiffs, drove, herded, pastured, or permitted his cattle to go upon plaintiffs' premises; that it was undisputed that all of plaintiffs' land was in its wild and native state, uncultivated, and the boundaries thereof unmarked by any means observable to a man using ordinary caution. Error is also assigned with respect to the giving of the court's sixth instruction to the jury and the overruling by the court of defendant's motion for nonsuit.

All of the errors assigned and the argument relate to and are controlled by the determination of one question, namely, whether, under the facts as shown by the entire record, defendant is answerable in damages for the trespass of defendant's cattle upon plaintiffs' premises by reason of the facts that plaintiffs' land is uninclosed, uncultivated pasture land and surrounded by lands of like nature and kind, and, as such, suitable only for pasturing cattle and other stock thereon during the grazing season. Appellant's contention is that, under the former rulings of this court construing Comp. Laws 1907, section 20, in view of the nature of plaintiffs' land and the surrounding country, the plaintiffs are not entitled to recover

for the reason that the evidence fails to show any willfulness on his part or deliberate intent to permit his cattle to go or trespass upon plaintiffs' land. That section reads as follows:

"If any neat cattle, horses, asses, mules, sheep, goats, or swine shall trespass or do damage upon the premises of any person, except in cases where such premises are not inclosed by a lawful fence in counties where a fence is required by law, the party aggrieved, whether he be the owner or the occupant of such premises, may recover damages by an action at law against the owner of the trespassing animals, or by distraining and impounding said animals in the manner provided herein: .Provided, that in cases where an action is brought for. the recovery of such damages, none of the animals trespassing shall be exempt from execution, and the fees in such cases shall be but one-half the fees in other civil cases."

It is admitted in the record that there is no ordinance of Sanpete County requiring the owner or occupant of land to inclose the same with a fence, and that no action has ever been taken by the county commissioners of that county designating what would be a lawful fence.

Said section 20 has been construed by this court in three former opinions, and it would be of no avail to discuss or add to the construction placed upon it by said decisions. *Jones* v. *Blythe,* 33 Utah, 362, 93 Pac. 994; *Thomas* v. *Blythe,* 44 Utah, 1, 137 Pac. 396; *Mower* v. *Olsen,* 49 Utah, 373, 164 Pac. 482. The construction of that section by this court is to the effect that under it the owner of uninclosed pasture land located on the public range in this state, especially when surrounded by vast tracts of unimproved public domain, may not recover damages for animals trespassing upon such lands unless the trespass was willfully permitted by the owner of the trespassing animals or by him permitted with knowledge of the location of the lands owned by the aggrieved party; at least that recovered cannot be had without some evidence indicating where the boundaries of the lands trespassed upon are.

Appellant's contention that there is no evidence to support the verdict requires a brief examination of the testimony. At

least two of the plaintiffs' witnesses testified that in the spring
of 1914, and also in the spring of 1915, the defendant,
or some one in charge of his stock, was notified that he    2, 3
must keep his cattle away from plaintiffs' land, and, in
the language of one of the witnesses, ''we told him we didn't
have any country there to lease for cattle.'' The defendant
also testified that he was aware of the fact and knew that the
watering places were located upon land belonging to the plain-
tiffs. It is also apparent that the defendant, by reason of his
familiarity with the range surrounding plaintiffs' land, while
possibly he may not have known its exact boundaries, did
know the plaintiff occupied the land on which the springs men-
tioned in the record are located, and, notwithstanding such
facts, he permitted his cattle to go upon such land after notice
requiring him to keep his cattle off. It may be admitted from
the facts appearing in the record that the defendant did not
deliberately or willfully drive or herd his stock upon plain-
tiffs' land. But permitting them to run at large upon the
open range at or near where plaintiffs' land is located, and
with full knowledge that springs or watering places are found
thereon, would charge the defendant with notice that in the
very nature of things his stock would go upon plaintiffs' land
if not prevented by herding or some other means of keeping
them from wandering at large upon the range at their will.

Under that state of the record it was a proper question to
be submitted to the jury as to whether the trespassing of the
animals was such as would entitle plaintiffs to recover.

The sixth instruction given to the jury by the court, and of
which complaint is made, is:

''You are instructed that, if you find and believe by a pre-
ponderance of the evidence that the plaintiffs were lawfully in
possession and entitled to the possession and control of the
lands described in their complaint during the time alleged in
the complaint, and that during the said time the boundary
lines of said lands were marked by posts or monuments or
other signs, so that the defendant could see, or by reasonable
investigation could ascertain by going upon the premises,
where the lands of the plaintiffs were, so as to enable the

defendant with reasonable care and observation to distinguish or know the lands claimed by the plaintiffs from the lands upon which the defendant could lawfully graze or pasture his cattle, or if you find by a preponderance of the evidence that the defendant knew, or by reasonable care and attention should have known, where the lands of the plaintiffs were, by being told by the plaintiffs or otherwise, and you further find that the defendant was notified to keep his cattle off from the said lands claimed by the plaintiffs, and under either of these conditions, after receiving such notice, the defendant suffered or permitted his cattle to trespass upon the said lands of the plaintiffs, and to graze thereon, then the defendant would be liable to the plaintiffs for such damages as they may have proved that they suffered by reason of such trespass during the times alleged in the complaint.''

That instruction, it seems to us, fairly submitted to the jury the determination of facts which would constitute notice to the defendant of the location of plaintiffs' land and its boundaries. It also submitted to the jury for their determination the question as to whether the defendant permitted his cattle to go upon said premises after notification of plaintiffs' ownership and their desire that defendant's animals be not allowed to pasture thereon.   Under that instruction the jury must have found, otherwise they could not have returned a verdict for plaintiffs, that at least some of those facts existed and were disregarded by the defendant.   The jury having found the issues of facts against the contention of appellant, and there being substantial evidence in the record to support the conclusions or findings of the jury that defendant permitted his cattle to go upon plaintiffs' land contrary to the notice given him, and there also being substantial evidence that defendant knew of the location of plaintiffs' land, and the jury having passed upon these facts, they are sufficient to sustain the verdict in plaintiffs' favor.

There are other questions discussed, but they are all embodied in the general objection that the testimony did not show a willful trespass, which, as we have seen, is contrary to the findings of the jury, and also that there is substantial evidence in the record to support the jury's findings.

It follows that the judgment of the lower court should be affirmed. Such is the order; respondent to recover costs.

FRICK, C. J., and McCARTY and CORFMAN, JJ., concur.