## No. 9194.

### WILLIAMSON *v.* FLEMING, ET AL.

FENCE LAW—*Trespassing Livestock—Liability of Owner.* Under Rev. Stat. sec. 2589 the owner of livestock turning the same at large upon the public highway, is not liable for their invasion of the private lands of another who fails to maintain a lawful fence, nor for their trespasses therein, even though he expects that such trespasses shall be committed.

*Error to Weld District Court, Hon. Neil F. Graham, Judge. En banc.*

Mr. WILLIAM R. KELLY, for plaintiff in error.

Mr. H. E. CHURCHILL, for defendants in error.

Opinion by Mr. Justice Teller.

The plaintiff in error filed her complaint in an action for damages, and defendants in error demurred to it. The demurrer being sustained, plaintiff in error elected to stand on her complaint, and brings the case here on error.

It is alleged in the complaint that plaintiff had a growing crop on a piece of land about one mile from defendants' home, which land was unfenced on one side; that defendants turned their cattle out of their gates into the public highway, for 'the purpose of grazing and feeding upon lands other than their own; that said cattle went upon plaintiff's land, as defendants well knew they would do, and ate, trampled down, and destroyed said crop; that plaintiff notified defendants of said trespass, and requested them to herd their stock; that defendants refused said request, and continued to turn out their cattle, though they had full knowledge that said cattle so turned out would feed on plaintiff's crop; that defendants intended that said cattle should go on plaintiff's land; and that she had been damaged, etc.

The ground of demurrer was that the complaint did not state a cause of action.

Plaintiff in error relies upon the case of *Light v. United States*, 220 U. S. 523, 55 L. Ed. 573, 31 Sup. Ct. 485, in which it said the question of law here presented was determined. In that case the government obtained an injunction against Light's causing or permitting his stock to go upon a forest reserve, unless he had a license to pasture them thereon. The bill charged that Light turned out his cattle with the intention and expectation that they would go to said reserve, and the opinion treats the act of turning out the cattle as equivalent to a driving of them upon the reserve,—a wilful trespass.

However great may be our respect for the judgments and opinions of the court which rendered the decision in question, we are not authorized to accept as a precedent a holding which, if applied to a cause involving a question of domestic law only, would nullify a state statute; nor are we called upon, in such a case, to disregard an interpretation of said statute by decisions by this court.

The statute of this state at the time of the happening of the things alleged reads:

"Any person making and maintaining in good repair around his or her enclosure, any fence as described in section 1 of this act, may recover in a suit for trespass before any court having competent jurisdiction, from the owner of any animal or animals which break through any such fence, in full for all damages sustained on account of such trespass, together with the costs of the suit; and the animal or animals so trespassing may be taken and held for security for payment of such damages and costs; and no person or persons shall be allowed to recover damages for any injury to any crops or grass or garden products or other vegetable products unless the same at the time of the said trespass and injury was enclosed by a legal and sufficient fence as before described." L. 85, page 221, Sec. 3, Sec. 2589, Revised Statutes of Colorado, 1908.

This statute was under consideration in *Richards v. Sanderson,* 39 Colo. 270, 89 Pac. 769, 121 Am. St. 167, and it was there held that turning out cattle upon one's own land was not, if they strayed upon adjacent unfenced land, tantamount to a wilful driving of the cattle on such lands belonging to another. We there said:

"One who turns his cattle out to graze, unrestrained, upon lands where he has a right to turn them, knowing that they will probably wander on the unenclosed premises of another, is under no obligation to prevent them entering upon such premises, and if they do so enter through following their natural instincts, he is not responsible for the damages occasioned thereby. *Martin v. Platte Valley Sheep Co.,*" (12 Wyo. 432, 76 Pac. 571, 78 Pac. 1093). "This proposition is clearly applicable to the case of one who does no more than turn his cattle upon the public domain to graze, even though he knows that, following their natural instincts, they may wander upon the unenclosed lands of his neighbor. The plaintiff did turn his cattle upon public domain, in the near vicinity of lands belonging to the defendants. One-half of the territory from which they were driven either belonged to the plaintiff, or was government

land.  The other half belonged to the defendants.  The plaintiff may have had good reason to believe that his cattle would wander upon the lands of the defendants.  This would be natural for the cattle to do.  The lands embracing the public domain and that of the defendants were alternate sections covering a large area.  He had a right to place them on the public domain or his own land; was under no obligation to restrain them from going upon the lands of the defendants; and therefore he would not be responsible to the latter if they did.  Such a case is entirely different from those cited by counsel for defendants, where it appears that the owner of stock wilfully pastured it upon lands belonging to another, either by driving or herding thereon."

*Martin v. Platte Valley Sheep Co.*, cited in the foregoing quotation, is to the same effect, the court holding that the owner of cattle who turned them out on the public domain, or his own land, was not guilty of an actionable trespass, although he knew that to reach water they must go upon the unenclosed land of a neighbor.  It is there pointed out that, if the contrary rule prevailed, it would, in effect, prevent the running of cattle at large.

For us to sanction the position taken by plaintiff in error is to create a herd law, and nullify the statute heretofore quoted.

We are satisfied that the rule announced in *Richards v. Sanderson, supra,* is a correct construction of the statute and of the law as it has been applied in the western states where no statutes on the subject had as yet been enacted. *Morris v. Fraker,* 5 Colo. 425.

The judgment is affirmed.

*Judgment affirmed.*

Mr. Justice Allen dissenting:

This is an action for damages for trespass by defendants upon uninclosed or unfenced land of plaintiff.  The injury for which redress is sought is alleged to have been caused by

the defendants' cattle entering upon the plaintiff's land and pasturing upon plaintiff's corn crop. The trial court sustained defendants' demurrer to the complaint, and the plaintiff electing to stand by her complaint, the court dismissed the action. The plaintiff brings the cause here for review.

The theory of the defendants is that upon the case made by the complaint, the plaintiff is barred from the right to recover damages from defendants by the Colorado fence statute which provides, among other things, that "no person or persons shall be allowed to recover damages for any injury to any crops * * * unless the same at the time of such trespass or injury, was enclosed by a legal and sufficient fence." Session laws 1885, p. 221; sec 2589 R. S. 1908; sec 2944 Mills Ann. Sts. 1912. According to the demurrer, the complaint is alleged to be insufficient because it does not appear "by any allegations that the defendants willfully trespassed upon the uninclosed premises and property of the plaintiff, or that they, or either of them, willfully or at all drove their cattle upon the premises or property of the plaintiff."

It is true that the complaint did not *expressly* contain such allegations as the defendants in their demurrer claim were omitted. If the complaint had alleged that the defendants willfully drove their cattle upon the uninclosed land of the plaintiff, the fence statute would have no application or bearing in the instant case. *Bell v. Gonzales,* 35 Colo. 138, 83 Pac. 639, 117 Am. St. Rep. 179, 9 Ann. Cas. 1094. A willful trespasser cannot invoke the provisions of this statute. *Sweetman v. Cooper,* 20 Colo. App. 5; 76 Pac. 925; 3 C. J. 132, sec. 402; 2 Cyc. 398; 1 R. C. L. 1104, sec. 47. But a willful trespass may be committed by the owner of animals without driving them upon the land of the complaining party. It is committed if the owner turns his cattle loose upon other land, knowing that they will necessarily enter the lands of the injured party and intends that they should do so. *Lazarus v. Phelps,* 152 U. S. 81,

14 Sup. Ct. 477, 38 L. ed. 363; Vanderford v. Wagner (N. M.), 174 Pac. 426.

In the case of *Light v. United States*, 220 U. S. 523, 31 Sup. Ct. 485, 55 L. ed. 570, the Federal Government sought and obtained an injunction against the defendant Light enjoining him from grazing his cattle upon a public forest reservation without a permit. The bill charged that the defendant, when turning his cattle loose, knew and expected that they would go upon the reservation, and took no action to prevent them from trespassing. The complaint in the instant case contains allegations of a similar import. In the Light case the evidence supported the allegations of the bill. The defendant sought to justify his position, in the respect above noted, on the ground that the fence statute of Colorado provided that a landowner could not recover damages for trespass by animals unless the property was inclosed with a fence of designated size and material. The Supreme Court of the United States, in affirming the decree, stated that statutes of this kind "do not give permission to the owner of cattle to use his neighbor's land as a pasture."

The court in its opinion also said:

"Fence laws do not authorize wanton and willful trespass, nor do they afford immunity to those who, in disregard of property rights, turn their cattle loose under circumstances showing that they were intended to graze upon the lands of another. This the defendant did, under circumstances equivalent to driving his cattle upon the forest reserve. * * *

"It appears that the defendant turned out his cattle under circumstances which showed that he expected and intended that they would go upon the reserve to graze thereon. Under the facts the court properly granted an injunction. The judgment was right on the merits, wholly regardless of the question as to whether the government had inclosed its property."

The complaint in the instant case alleges that almost daily the defendants turned their cattle loose out of their gates at their home and "upon the public highway near plaintiff's crop;" that the defendants "well knew that, by so turning said cattle at large the same would seek and get into and eat and destroy plaintiff's corn;" that against plaintiff's remonstrances the defendants turned their cattle loose, "knowing and expecting that they would go upon the crop where there was good feed, and have taken no action to prevent such trespassing, but have intended that their cattle would pasture and graze upon plaintiff's crop." These allegations distinguish this case from that of *Richards v. Sanderson,* 39 Colo. 270, 278, 89 Pac. 769, 121 Am. St. Rep. 167, relied on by defendants. That case recognizes, without disapproval, the rule announced in *Lazarus v. Phelps, supra,* and is not in conflict with the views herein expressed nor with the Light case. See also *Mower v. Olsen,* 49 Utah 373, 164 Pac. 482; *Vanderford v. Wagner, supra.* In my opinion the complaint is sufficient as against the demurrer, and the trial court should have overruled the demurrer.