No. 12,723.

PHILLIPS *v.* CITY OF GOLDEN.

(14 P. [2d] 1013)

Decided September 19, 1932.

Mr. B. F. NAPHEYS, JR., for plaintiff in error.

Mr. J. E. McCALL, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE ADAMS delivered the opinion of the court.

PHILLIPS brought an action in tort against the city of

Golden, a municipal corporation. Upon trial to the court, the amended and supplemental complaint was dismissed at plaintiff's costs. He prosecutes error.

The substance of plaintiff's allegations is that he owns a herd of dairy cattle and is the lessee of a large tract of land in Clear Creek county, where the cattle were located; the city is the owner of an adjacent tract of unfenced land, and the cattle, without Phillips' action, desire or knowledge, inadvertently strayed upon the land of the city. Plaintiff further alleges that the city, through its agents and employes, without notice to plaintiff, wilfully, wrongfully and maliciously drove away a portion of the herd by the use of vicious dogs, in a direction opposite to plaintiff's lands, for a distance of many miles, to his damage.

The evidence shows that the city owns 6,000 acres of land as a watershed; this property is scattered, not contiguous, with intervening tracts not belonging to the city. Benson, assistant superintendent of the city water works and in charge of its pipeline and reservoir, instructed John Forsberg, an employe of the city, to chase cattle out of the watershed. Lillian Forsberg, John's sister, drove the cattle out upon the public road and they strayed away. Miss Forsberg testified in part that at first she did not know to whom the cattle belonged; she did not run or dog them; she saw the cattle on the city property at least five times, but did not always drive them out; when she did, they came back; the cattle went slowly, and there was grass and also water by the road. No one else testified of their own knowledge as to the manner in which the cattle were driven, and there is no evidence that dogs, vicious or otherwise, were used in the driving. The witness did not deny that she drove the cattle off the Golden reservoir and away from defendant's watershed, but in other respects she did not corroborate plaintiff's allegations.

Plaintiff testified that he recovered all of the cattle except one, but there was a dispute in the count, and the

evidence of the city shows that he got them all back. There is no evidence of the value of the animal that plaintiff claims he was unable to retrieve, but he bases his claim to damages upon the alleged fact that the herd lost from 50 to 75 pounds per head in weight at a stated value, due to heavy driving off soft grass, and running and driving without water. Plaintiff had other witnesses, some of whom testified as to facts not disputed, and others who answered hypothetical questions as to values of the cattle.

The record indicates that the court determined the weight of the evidence to be in favor of the city, and we follow the common practice of appellate courts of reading the testimony in the light most favorable to the defendant in error.

Plaintiff in error relies upon that part of section 7009, C. L. 1921, which makes it unlawful for any person to "maliciously run down or drive [live stock] from its usual range." Plaintiff's counsel further cites *Richards v. Sanderson,* 39 Colo. 270, 89 Pac. 769; *Williamson v. Fleming,* 65 Colo. 528, 178 Pac. 11; also 3 C. J., page 76, §249, relating to driving animals from range or pasture.

None of the above authorities support plaintiff's position. We agree with the trial court that there was no evidence of malice, express or implied, and we regard it as unfortunate that plaintiff should have considered the source of the water supply of the city of Golden as legitimate territory for his cow pasture. We attribute this idea to him because of the facts of the record as well as on account of his mistaken reliance upon authorities pertaining to the "usual range" of live stock. It was not only the right, but also the duty of the city to maintain the purity of its water supply for the domestic use of its inhabitants. This proposition is too self-evident to require the citation of authorty. We held in *Richards v. Sanderson, supra,* that parties have the right to drive trespassing cattle from their own unfenced lands, exercising that degree of care to prevent injury

that would be ordinarily observed by a prudent person, and there is no evidence in the case now before us that the city did otherwise.

*Williamson v. Fleming, supra,* relates to the liability of an owner of live stock upon the public highway; it does not hold that the owner of unfenced lands has no right to properly repel a trespass. 3 C. J., page 76, §249, treats among other things, of the civil liability of persons who, "without authority, drive away stock not their own from their proper range or premises, or wilfully permit * * * others so to do." Rights of pasture on the public range are not involved in the instant case.

■ Plaintiff assigns error on account of the admission of a map in evidence. It purports to show real estate holdings of the city. It was not prejudicial to plaintiff, for by his own allegations and admissions his cattle were on the property of the city. There is no merit in his contentions.

Judgment affirmed.

MR. JUSTICE BUTLER and MR. JUSTICE MOORE concur.