[No. 4099.]

PAGE ET AL. v, YOOL.

1. EXEMPLARY DAMAGES.

In an action by plaintiff against the agents of the owner of the house in which plaintiff resided and a contractor employed by the agents, where it appears that the agents had served notice on plaintiff to vacate the house within ten days, but for the purpose of causing plaintiff to vacate before the expiration of the ten days the agents employed the contractor to begin work at once to tear down the wall so as to render the house uninhabitable and the contractor without knowledge of the scheme of the agent put men to work tearing away part of the wall of the house and the workmen refused to quit work upon request of plaintiff's wife but continued until they made a large hole in the wall and until they were stopped by an officer, the contractor was liable for such actual damage as plaintiff suffered on account of the acts of his workmen but was not liable for exemplary damage.

2. EXEMPLARY DAMAGES——EXCESSIVE.

In an action by a tenant against the agents of the owner of the house occupied by him for damages for unlawfully and maliciously tearing down the wall of the house for the purpose of rendering it uninhabitable in order to force him to vacate before the expiration of the time within which he was notified to vacate, where the evidence shows that plaintiff was by reason of the tearing down of the wall compelled to expend $25 for medicine and medical attendance for his children and was kept away from his work for two days, a verdict for $4,950 exemplary damages is unreasonable and excessive and will not be sustained.

*Appeal from the District Court of Arapahoe County.*

Mr. JOHN F. SHAFROTH and Mr. C, H. BRIERLY for appellants,

Mr. R. D. REES for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court.

In the court below, James Yool was plaintiff, and H. J. Page, Harold B. Page, and D. P. Hadfield were defendants. On and prior to the 17th of January, 1898, Yool and his family were living in a brick house at Villa Park, in Arapahoe county. The defendants Page were the agents of the owners of the house. Hadfield was a contractor, employed by the Pages to make certain repairs upon the house. On the 14th of January, 1898, the defendants Page caused a notice to be served upon Mr. and Mrs. Yool to surrender the premises within ten days; and on the 17th of January, while Yool and Mrs. Yool were away from home, workmen in the employment of Hadfield began to tear out the wall of the house at the northeast corner, and had made a large hole in the wall, when Mrs. Yool returned, and asked them to stop as one of the children was sick. The workmen continued removing brick from the wall until they were stopped by the town marshal, an hour perhaps, after Mrs. Yool's return. The workmen then left the premises without attempting to repair the breach made in the wall, and Yool and his family remained in the house until the 22d of January. The suit was for both actual and exemplary damages.

The plaintiff alleged that at the time of the tearing down of the wall of his house, the weather was cold and inclement, and that, by reason of the acts of the defendants in causing the wall to be torn down, his family were exposed to the inclemency of the weather; and that it was impossible to keep said house in a proper condition for the sheltering of himself and his family, or for protecting him or them from the inclemency of the weather. That he incurred a large expense, to-wit, the sum of $25.00, for medicine, medical care and attendance upon said children, and

that he rendered services, in caring for the children, which were reasonably worth $25.00. That the said acts of the defendants in tearing down the wall of his house were unlawfully, wantonly, and maliciously done, and for the sole and only purpose of annoying, humiliating, and injuring him and his family.

None of the defendants were present at the house while the work was being done, although the defendants H. J. Page and Hadfield made an inspection of the premises during the month of December preceding. There is no testimony connecting the defendant H. B. Page in any way with the transaction, and the only connection the defendant Hadfield, as shown by the testimony in the abstract, appears to have had with the transaction, was that of a contractor and builder employed by the Pages to make repairs upon the premises.

The owners of the property are non-residents of the state, and were not served with summons. The trial resulted in a verdict for the plaintiff against H. J. Page and D. P. Hadfield for $50.00, actual damages, and $4,950.00, exemplary damages; and finding that the defendants H. J. Page and D. P. Hadfield were guilty of malice. Judgment was rendered upon the verdict, and from this judgment the defendants appeal to this court.

The only errors assigned which we will consider are those concerning the award of exemplary damages. It was the duty of the workmen, when informed by Mrs. Yool that her child was sick and she did not desire the repairs to be made at that time, to desist; and, upon their refusal to do so, their master, D. P. Hadfield, became liable for the actual damages sustained by their making the repairs after the protest by the wife of the plaintiff. But there is no testimony, direct or indirect, which in any way connects the contractor, Hadfield, with the alleged scheme or purpose of the Pages to evict by rendering the house unfit for habitation; so that, as far as Hadfield is concerned, the award of exemplary damages cannot be sustained.

There was some controversy between claimants to the property

as to whom the rent should be paid. The Pages, representing the purchasers at foreclosure sale, served Mr. and Mrs. Yool with notice to vacate within ten days from the service of notice, and thereby recognized the right of Yool and his family to remain in the premises for the period of ten days. They had not the right, until after the expiration of the ten days, to do any act which would render the premises unsafe for habitation; and if they sent workmen to this place and instructed them to tear down the wall, thus exposing the interior of the house to the weather, they committed an unlawful act, and were liable for the damages sustained. There was some testimony to the effect that H. J. Page caused these repairs to be made for the purpose of securing possession of the house prior to the expiration of the ten days; and it was upon this testimony, probably, that the jury rendered the verdict finding him guilty of malice and awarding exemplary damages.

It has been held in this court, that to justify exemplary damages, under the act of 1889, the act causing the injury must be done with an evil intent, and with the purpose of injuring the plaintiff or with such wanton and reckless disregard of his rights as evidence a wrongful motive. A wrongful act done intentionally is not, as a matter of law, necessarily malicious. *French v. Dean,* 19 Colo. 504; *Crymble v. Mulvaney,* 21 Colo. 203. But the statute only authorizes the assessment of reasonable exemplary damages. The verdict rendered in this case can not be called reasonable; it is not justified by the testimony, assuming all the acts to have been committed with the intent alleged. The plaintiff was away from his work for the period of two days, and expended the sum of $25.00 for the care of his family, after the alleged eviction. The verdict is unconscionable. The punishment which it would inflict upon H. J. Page and Hadfield for the commission of this wrong, is not commensurate with the injury done. This court will sustain verdicts for exemplary damages if they appear to be reasonable and just, but it can not sustain ex-

cessive and unwarranted awards, such as appears to have been made in this case. This verdict was not rendered in a spirit of fairness, but rather with a desire to inflict a punishment upon the defendants, at a time when the jury was excited by prejudice and passion.

For the reasons assigned, the judgment is reversed and the cause remanded.

*Reversed.*