## No. 9290.

## SCHECTER *v.* MORGAN.

LAWFUL FENCE—*Trespass to Lands by Livestock.* Plaintiff's lands
adjoined those of defendant. The partition fence was not a
lawful enclosure, within the statute. The mere fact that
limit of a school district are not the property of the district
fields night after night, held not to entitle plaintiff to recovery
under doctrine of Bell Gonzales 35 Colo. 140.

*Error to Conejos County Court, Hon. Jose A. Garcia, Judge.*

Mr. ALBERT L. MOSES, for plaintiff in error.

Mr. JAMES D. PILCHER, for defendant in error.

Opinion by Mr. Justice Allen.

THIS is an action for damages. The plaintiff was the
owner of a field of peas which adjoined a like field in pos-
session of the defendant. The defendant pastured a certain
number of cattle upon his own field. The animals strayed
and trespassed a few times upon the plaintiff's land, and
it is to recover for the injury caused thereby that this
action was brought. The plaintiff obtained a judgment,
and the defendant brings error.

A line fence separated plaintiff's field from that of the
defendant. It is conceded that this fence was not a legal
and sufficient fence, within the description of a lawful fence
given in section 2587, R. S. 1908. It is provided by section
2589, R. S. 1908, that "no person or persons shall be allowed
to recover damages for any injury to any crops or grass or
garden products, or other vegetable products, unless the
same at the time of such trespass or injury, was enclosed
by a legal and sufficient fence."

The plaintiff, however, seeks to bring the case within the
rule announced in *Bell v. Gonzales,* 35 Colo. 140, 83 Pac.
640, 117 Am. St. 179, 9 Ann Cas. 1094, where it is held that
the statute does not apply in cases where cattle owners
"deliberately take possession" of the lands trespassed upon,
and pasture their cattle upon the premises of others "under

such circumstances as to show a deliberate intent to obtain the benefit of another's pasturage." The rule thus announced is not disputed by the defendant, but he contends that the judgment is contrary to the evidence. Upon examination of the record we find that this contention is well founded and should be upheld.

The defendant employed a herder to watch the cattle during the day time. The testimony is to the effect that the cattle went over into the plaintiff's field "night after night." This fact, in itself, is not sufficient to fix a liability upon the defendant. Taken as a whole, the evidence is manifestly against the conclusion that the defendant wilfully pastured his cattle upon plaintiff's land. There is no sufficient evidence showing that the defendant did anything which was tantamount to a wilful driving of his cattle upon the premises of the plaintiff. Under these circumstances, the plaintiff is not entitled to recover. *Richards v. Sanderson,* 39 Colo. 270, 89 Pac. 769, 121 Am. St. Rep. 167.

The plaintiff cites section 2590 R. S. 1908, relating to the duty of adjoining land occupiers as to the maintaining of partition fences. Under the facts in the instant case, no advantage accrues to the plaintiff by reason of this statute. The testimony is that the line fence "was about the same kind of a fence all the way through." There is no testimony that the plaintiff kept her part of the partition fence in good repair. No testimony was offered to show whether the cattle broke through the plaintiff's or the defendant's part of the fence. The defendant's lessor testified that "he claimed the south half and she (the plaintiff) claimed the north half of it," and that the fences "were very poor." In 1 R. C. L. sec. 43, p. 1101, it is said:

"If, however, a partition fence has been divided and a particular portion assigned to each of the adjacent proprietors to keep in repair, each is liable for trespasses committed, through defects in his own part of the fence, by his cattle on his neighbor's land. If both parts of the

fence are defective, and it can not be shown through which part the trespassing animals entered, there can be no recovery."

The same question is discussed, and cases bearing thereon cited, in 3 C. J. 131, sec. 401; 2 Cyc. 397.

The plaintiff makes some reference to an alleged contract between the defendant and his lessor, under whom he held, providing that he should keep the cattle off the premises of the plaintiff. The evidence does not show such a contract.

Under no tenable theory can the plaintiff recover under the evidence in this case. The judgment is therefore reversed, and the cause remanded with directions to dismiss the action.

Reversed.

Chief Justice Garrigues and Mr. Justice Bailey concur.