## No. 9652.

### THE WESTERN LIGHT & POWER CO. *v*. POOR.

Decided December 6, 1920.  Rehearing denied Jan. 10, 1921.

Action for personal injuries sustained by contact with a broken electric wire.  Judgment for plaintiff.

### *Reversed.*

1. DAMAGES—*Negligence—Pleading—Instructions.*  In an action for personal injuries alleged to have been occasioned by a broken electric wire, an allegation in the complaint to the effect, that defendant was negligent in permitting the wire to remain in contact with the limb of a tree thereby becoming worn, abraded and burned in two and falling on and remaining across a public highway, is sufficient to justify an instruction that the jury might find the defendant guilty of negligence irrespective of the cause of the break, if it knew, or by the exercise of the utmost care, should have known that the wire was down.

2. APPEAL—*Judgment Supported by Evidence.*  In a negligence case where there is competent testimony to support the judgment, it will not be disturbed on the ground of insufficient evidence.

3. DAMAGES—*Exemplary—Instructions.*  It is error to charge a jury on the question of exemplary damages when there is absolutely no evidence in the record upon which to base such an instruction.

*Error to the District Court of Larimer County, Hon. Neil F. Graham, Judge.*

Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, for plaintiff in error.

Mr. G. W. MUSSER, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

DEFENDANT in Error brought this action against Plaintiff in Error for 'alleged damages sustained by contact with a broken electric wire. From a judgment in his favor for $2500 the Company brings the cause here for review. The parties are hereinafter designated as in the trial court.

Defendant owned and controlled an electric line, carrying 6600 volts, suspended on poles some 25 feet from the ground, and passing near a schoolhouse. Plaintiff, a boy of about ten years of age, attending this school, was sent by his teacher on the morning of September 3, 1918, on an errand to a nearby farmhouse. While so employed he came in contact with the wire in question and received the injury complained of. This action was originally brought for $2050 actual damages and $1000 punitive damages. Thereafter the complaint was amended fixing the actual damages in the sum of $10,050. The negligence charged against defendant was the construction and maintenance of the line in question in the place and manner before mentioned, and "in suffering and permitting the 'wire in question .to remain in contact with and rest against a limb of one of the trees hereinbefore mentioned and thereby become worn, abraded, and burned in two, and fall and remain upon and across the public highway."

Defendant denied the negligence and denied that the breaking of the wire occurred in the manner alleged.

Burke, J., after stating the facts as above.

Defendant insists that the evidence is insufficient to support the verdict, and that the court erroneously instructed the jury that it might find the defendant guilty of negligence, irrespective of the cause of the break, if the company "knew that the said wire was down, or by the exercise of the utmost care should have known that the wire was down." The allegation in the complaint was sufficient to justify that instruction.

On the question of the breaking of the wire, the negligence of the defendant, and the actual damages, the proof is sufficient. *Denver Con. Electric Co. v. Simpson,* 21 Colo. 371, 41 Pac. 499, 31 L. R. A. 566; *Haynes v. Gas Co.,* 114

N. C. 203, 19 S. E. 344, 26 L. R. A. 810, 41 Am. St. Rep. 786. The judgment will not be disturbed on the ground of insufficient evidence. *Hallack et al. v. Stockdale et al.,* 14 Colo. 198, 200, 23 Pac. 340.

The court instructed the jury that it might return a verdict for exemplary damages in any sum not exceeding $1000 if it found the injury complained of was "attended by circumstances of wanton and reckless disregard of plaintiff's rights and feelings, on the part of defendant company." There is absolutely no evidence in the record upon which this instruction could be based. *Page v. Yool,* 28 Colo. 464, 467, 65 Pac. 636; *Eisenhart v. Ordean,* 3 Colo. App. 162, 169, 32 Pac. 495.

What portion of the sum fixed by the jury was allowed as exemplary damages this court has no way of determining. A new trial is therefore necessary.

There are other errors in this record which it seems unnecessary to consider as they will doubtless not occur again.

The judgment is accordingly reversed and the cause remanded.

MR. JUSTICE SCOTT not participating.