No. 12,977.

Bullerdick *v.* Pritchard.

(8 P. [2d] 705)

Decided February 8, 1932.

Mr. A. B. CROSSWHITE, for plaintiff in error.

Mr. ALEXANDER BOWIE, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties are hereinafter referred to by name. Pritchard sued Bullerdick for $1,160 actual damages caused by trespass of sheep. This he alleged was accompanied by malice and reckless disregard of his rights, wherefore he demanded $1,000 additional as "smart money." The jury returned a verdict for $600 actual, and $700 exemplary damages. To review a judgment entered accordingly Bullerdick prosecutes this writ and asks that it be made a supersedeas. Both request final judgment on this application. A portion of Pritchard's claim was held by assignment, but since no question here raised relates to that transaction we treat the whole as originally his own.

Briefly stated the twenty assignments amount to this: The verdict is unsupported because (1) there was no evidence of actual damages; (2) if there was, those allowed were excessive; (3) the court, by instruction 6, gave the jury the wrong measure; (4) exemplary damages were not justified.

In 1930 Pritchard held a lease on two sheep pastures which we designate as tracts A and B. They contained

800 and 840 acres respectively and both were well fenced. He claims Bullerdick pastured his own flock on these tracts, destroyed the herbage, and, by thus depriving Pritchard of stock feed he could not reasonably replace, injured his flock. Bullerdick denies the act and the damage. This controversy is presented here by 230 pages of transcript, not indexed, and one-third as many of "briefs." Much of it is superfluous, but we have carefully examined it all.

1. It could serve no useful purpose to review this evidence. It is conflicting in many particulars, but the trespass and damage are clearly supported. Counsel for Bullerdick cites numerous cases in support of his position, of which the following are illustrations: *Roberts v. Lehl*, 27 Colo. App. 351, 149 Pac. 851; *Richards v. Sanderson*, 39 Colo. 270, 89 Pac. 769; *Williamson v. Fleming*, 65 Colo. 528, 178 Pac. 11; *Schecter v. Morgan*, 66 Colo. 35, 178 Pac. 564. Generally these involve trespass by cattle, with damages limited to the crop destroyed, and are based upon fencing statutes. They are clearly inapplicable in a case of trespass by sheep in charge of a herder. *Bell v. Gonzales*, 35 Colo. 138, 83 Pac. 639, 9 Ann. Cas. 1094.

2. If depreciation in rental value, or market value, were the sole measure of Pritchard's damage there is evidence in this record to support a larger verdict than was returned. Some of it shows the rental value of A to be $200 and of B to be $500, and the value remaining after Bullerdick got through with it was practically nil.

3. The measure of damages given by instruction No. 6 is the amount which "will reasonably compensate" him for all the loss he sustained "by reason of defendant's act." It permitted the jury to consider "the value of the same to the plaintiff * * * considering the nature of the property, the purpose for which it was intended to be used, the situation of the plaintiff as a result of defendant's acts, * * *" and "any additional loss in weight and value" at market time. Since

the total was limited to Pritchard's actual loss we see no objection to this instruction. Counsel for Bullerdick insists that the actual market value of the pasturage destroyed, or the difference in its value before and after the injury, is the limit of recovery. The rule so contended for, usually applicable in simple cases of partial or complete destruction of growing crops, is wholly inadequate under the facts of this case. Here is evidence that the pasturage destroyed was the sole reliance of Pritchard for the maintenance of his own flock at unusual and critical times; that all reasonable efforts to secure other sources failed; that by reason thereof his loss far exceeded the rental value of the land, or the market value of the pasture. The subject of measure of damages is a complicated, and often confusing, one. The general underlying principle, however, is that whoever unlawfully injures another shall make him whole. As applied to trespass by livestock counsel for Pritchard cite 3 Blackstone, 209, 212 (1765 A. D.) and Exodus, 22:5 (about 1200 B. C.). These authorities seem in point. Perhaps, however such modern precedents ought not be relied on to establish a rule so ancient when one is at hand a thousand years older. Hence see Code of Hammurabi, sections 57, 58 (about 2250 B. C.), where sheep are specifically mentioned. The application of this rule in the instant case seems simple, and we think the trial court made it. Bullerdick's untenable position may be thus illustrated. Suppose Pritchard required pasturage for a thousand sheep and that he could obtain it from either of two neighbors, X or Y, for $25. He rented from X. Thereupon Bullerdick destroyed the pasture so rented and Pritchard promptly rented from Y at the same price. In such a case the simple rule of value of pasture destroyed, or rental value, would apply. But, suppose Y had no pasture to rent and Pritchard's most strenuous exertions could not supply the loss, by reason whereof his one thousand sheep starved to death. To limit Pritchard's recovery for such an injury to $25 would be a mockery.

■■ Such special damages as Pritchard claimed are, of course, difficult of accurate determination. Certainly they may not rest upon conjecture, or the mere speculation or guesses of witnesses. *Central Coal & Coke Co. v. Hartman*, 111 Fed. 96, 98. But relief is not to be denied because the exact amount cannot be ascertained with "certainty and precision." *Richner v. Plateau L. S. Co.*, 44 Colo. 302, 306, 98 Pac. 178. Also, loss in weight and price, as well as market value of the feed destroyed, are proper elements of damages under the facts here disclosed. 4 Sutherland on Damages (4th Ed.) p. 3816, §1028.

■ 4. The contention that exemplary damages are not justified, even though the judgment be otherwise affirmed, rests entirely upon the claim that the trespass was not willful, and in any event was committed not by Bullerdick but by his servant. In support of his position counsel cites *Ristine v. Blocker*, 15 Colo. App. 224, 233, 61 Pac. 486. The trouble is not with his law, but with his facts. It is clear from the record that Bullerdick started with his sheep for a certain range with certain plans, which did not involve the trespass complained of. But, finding that another flock-master had preceded and frustrated him, he did the next most convenient thing, turned his sheep on Pritchard's premises. He was, and had long been, perfectly familiar with the geography of the locality and the property involved. He knew sheep and the sheep business. He makes no pretense of ignorance or error. He simply denies, in many particulars, the testimony of other witnesses whom the jury evidently believed. Doubtless this did not enhance his standing with the men in the box. As to his personal responsibility, he not only admitted it, but seemed to take a pride in it. The record shows a protest made to his servant, who answered that Bullerdick was the boss. Bullerdick himself testified that he was with his herd "every day, sir." "After we started with the sheep * * * I never left them." "Every time they moved them I was with them." His attitude

is disclosed by the following: Pritchard's assignor testified that when he told Bullerdick that he had assigned his claim to Pritchard the answer was, "He will not have so many sheep when I get through with him." Again, Bullerdick's camp mover testified that while his sheep were grazing on Pritchard's premises the witness asked Bullerdick what he was going to do about it, and the answer was that he said, "He offered to settle with them and if they didn't take what he offered them, they could take what they could get." We think the judgment for exemplary damages is supported by the record. But, if so, counsel still says the amount awarded was excessive, and cites *Page v. Yool,* 28 Colo. 464, 65 Pac. 636, in support of his position that such damages must be within reason. The proposition is correct, but the authority is inapplicable. There the actual damages awarded were $50 and the exemplary damages almost $5,000. We think the award in the instant case was, under the facts, reasonable. Other alleged errors are disposed of by the foregoing.

The judgment is accordingly affirmed.

Mr. Justice Adams, Mr. Justice Butler and Mr. Justice Moore concur.