## No. 15,720.

### KENYON v. BAUMAN.
(184 P. [2d] 502)

Decided September 2, 1947.

Mr. THOMAS K. HUDSON, for plaintiff in error.

Messrs. IRWIN & O'CONNELL, for defendant in error.

In Department, before: MR. CHIEF JUSTICE BURKE, MR. JUSTICE JACKSON and MR. JUSTICE LUXFORD.

PER CURIAM.

WE will herein refer to the parties as they appeared in the trial court wherein the plaintiff in error was defendant and defendant in error was plaintiff.

Plaintiff in his complaint alleges that he is the owner of a tract of land in the southeast quarter of section 35, township 3 south, range 96 west, described by metes and bounds; that there are certain buildings on said property; that during the year 1942 defendant unlawfully and without right entered into possession of said build-

ings and held possession against the plaintiff; that defendant, about January 1, 1942, unlawfully and without right entered into possession of a portion of plaintiff's land and piled junk and materials on said land; that defendant rented some of the buildings to third persons and collected the rents; that defendant damaged and injured the buildings, all to the plaintiff's damage in the sum of $1,500, and plaintiff prays judgment for that amount.

Defendant sets up in his answer: first, a general denial of all the material allegations of the complaint; as a second defense alleges that defendant occupied the premises under a month-to-month tenancy and paid rental therefor; and also sets out a counterclaim alleging that defendant made certain repairs necessary to the maintenance of the buildings at a cost to him of $300.00, for which he prays judgment. Plaintiff answers the counterclaim, alleging that same does not state a cause of action upon which relief can be granted.

The court found for the plaintiff in the sum of $855.00, and judgment was entered in that amount against the defendant who now brings the matter here by writ of error.

The points urged by the defendant for reversal are: 1. That no special damages were proven by the plaintiff, and the court committed error in holding that the plaintiff was not required to prove such damage. 2. That the judgment of the court is contrary to the evidence, is not supported by sufficient evidence, and is not supported by any evidence.

The evidence discloses that about 1941 plaintiff sold to defendant a tract of land one hundred feet in width and fronting on the north side of West Colfax avenue, in Jefferson county; that plaintiff retained and owned land adjoining that sold to the defendant on the east, north and west; that defendant used his land for the storage of salvaged machinery, etc., and such land is sometimes referred to in the evidence as a junk yard.

Some of the articles stored thereon extended over upon the land of plaintiff on the west, north, and to some extent on the east of the land owned by defendant.

While damage is claimed for this piling of salvaged material on the land of plaintiff by the defendant, no sufficient proof of damage on this account appears; in fact, plaintiff admits that he suffered no damage thereby, and it seems probable that no damage on this account was included in the award of the trial court. This does not exclude the possibility, however, of a nominal rent for what was apparently an unauthorized occupancy being included in the award. The question of special damages would seem, therefore, to be eliminated from the case, and consequently most of the authorities cited in the briefs become inapplicable to the question here to be decided.

It further appears that on the lands of plaintiff were two chicken houses and a three-room dwelling house. Plaintiff testified that defendant entered into the possession of the dwelling house in June of 1942 and used the same for storage and otherwise until January of 1943; also that defendant entered into the possession of the south chicken house not later than September, 1942, and occupied the same to store equipment until about November 1944.

Defendant admitted occupying said buildings, but his testimony is at variance with that of plaintiff as to the length of time he did so and also as to the rental value; defendant attempted to pay some rent on the buildings for June, July, August and September, 1942, and the plaintiff still has a check of defendant's for $30.00 and a postal money order remitted to him by defendant in the same amount, both instruments being exhibits in the case, as plaintiff never cashed either remittance.

Plaintiff further testified that in his occupancy of the south chicken house the defendant materially damaged same, first testifying to damages in the sum of $975, but admitting on cross-examination that his best estimate

of that damage was $500. He further testified that the rent established by O.P.A. was ten dollars per month for each chicken house and fifteen dollars per month for the three room dwelling, and this is not controverted, though defendant claimed to have rented the dwelling and one chicken house at fifteen dollars per month for the two.

In support of his argument that plaintiff has produced no yardstick by which his damage can be measured, counsel for defendant quotes from *Bullerdick v. Pritchard,* 90 Colo. 272, 8 P. (2d) 705, as follows: "Such special damages as Pritchard claimed are, of course, difficult of accurate determination. Certainly they may not rest upon conjecture, or the mere speculation or guesses of witnesses. *Central Coal & Coke Co. v. Hartman,* 111 Fed. 96, 98." However, the court continues: "But relief is not to be denied because the exact amount cannot be ascertained with 'certainty and precision.' *Richner v. Plateau L. S. Co.,* 44 Colo. 302, 306, 98 Pac. 178." In the latter case the court said, at page 306: "It is not a sufficient reason for disallowing damages claimed that a party can state the amount only approximately. It is enough if from approximate estimates of witnesses a specific conclusion can be reached. It is not necessary to show the exact amount of damages with absolute certainty. 13 Cyc. 37, and cases cited."

In the case of *Big Five Mining Co. v. Left Hand Ditch Co.,* 73 Colo. 545, 216 Pac. 719, this court, speaking through Mr. Chief Justice Teller, said: "In *State Insurance Co. v. Taylor,* 14 Colo. 499, 24 Pac. 333, 20 Am. St. Rep. 281, it is stated that the measure of damages in case of injury to or destruction of a building, is not simply the difference between the value before and the value after the injury, to be determined by showing the market value before and after; and that actual loss may occur to property which has no market value at all. We there said that it is for the jury to determine how much money will make good the loss. * * * While the authori-

ties differ as to the rule for the ascertainment of damages, under varying circumstances, it is everywhere admitted that the rule to be applied should be such as will enable the jury to determine, as near as may be, the actual loss suffered."

There is much conflicting evidence in the case at bar, but the trial court saw and heard the witnesses testify and found total damages in the sum of $855.

It would appear that the pleadings are such as to warrant the introduction of the testimony offered by plaintiff, and that there is sufficient competent evidence to support the finding and judgment of the trial court. It is elementary that the trial court is the judge of the sufficiency of the evidence. In *Sprague v. Herbel,* 90 Colo. 134, 141, 6 P. (2d) 930, we said: "A jury having been expressly waived and the county court having determined that the sole and proximate cause of plaintiff's injury was defendant's negligence, even though our conclusions might be different, we must not act as appellate jurors."

The judgment is affirmed.

In this case acknowledgment is made of the gratuitous and valuable service of the Hon. Charles E. Herrick, district judge, as referee under our Rule of June 9, 1947.