**Susan McALONAN, Plaintiff-Appellee,**

v.

**U.S. HOME CORPORATION,
Defendant-Appellant.**

**No. 84CA0074.**

Colorado Court of Appeals,
Div. I.

Jan. 30, 1986.

Rehearing Denied Feb. 27, 1986.

Certiorari Denied (U.S. Home)
Aug. 25, 1986.

Renner & Rodman, Paul D. Renner, Denver, for plaintiff-appellee.

Walberg Law Offices, Wendelyn K. Walberg, Denver, for defendant-appellant.

PIERCE, Judge.

U.S. Home Corporation (U.S. Home) appeals from a judgment entered upon a jury verdict in favor of plaintiff, Susan McAlonan (McAlonan). We affirm.

Soon after buying a condominium from U.S. Home in 1981, McAlonan noticed defects requiring repair throughout the unit, including severe cracks in the foundation. In 1982, an arbitrator's award required U.S. Home to repair 24 enumerated defects to the condominium.

In 1983, McAlonan filed a complaint alleging that U.S. Home had failed to comply with the arbitrator's award. In addition, McAlonan alleged negligence in design, breach of an implied warranty to construct in a workmanlike manner, breach of an implied warranty of habitability, severe emotional distress, and intentional trespass; she sought compensatory as well as exemplary damages. At trial, the jury returned a general verdict awarding McAlonan $150,000 in actual damages and $150,000 in exemplary damages.

I.

U.S. Home first argues that the trial court erred in instructing the jurors, if they found for McAlonan, to:

> "[A]ward as her actual damages the reasonable cost of repairing the property, together with the decrease in market value, if any, to the property, as repaired."

We disagree.

U.S. Home tendered the following instruction as a substitute for the one above which stated: "When purchasers retain the property, the proper measure of damages for a breach of a builder's warranty of workmanship is the cost of bringing the property into conformity with the warranty."

Under the circumstances here, U.S. Home's tendered instruction could have improperly limited plaintiff's recovery. Plaintiff is entitled to such damages as necessary to make her whole. *Bullerdick v. Pritchard,* 90 Colo. 272, 8 P.2d 705 (1932). Here, there is a possibility that the property, as repaired, may nevertheless have a reduced market value; thus, the given instruction, unlike the one tendered, properly instructed the jury so as to make plaintiff whole. *See CJI Civ.2d* 6:12 (1980).

U.S. Home further contends that, at the very least, the complete instruction stated in *CJI Civ.2d* 6:12 (1980) should have been given. The paragraph of the pattern instruction omitted here reads as follows: "If the cost of (repairs) (rebuilding) together with any decrease in market value of the property as (repaired) (rebuilt) exceeds the market value of the property before the

occurrence, your award shall be limited to the market value of the property before the occurrence."

The instructions as contained in *Colorado Jury Instructions* are used when they are "applicable to the evidence." C.R.C.P. 51.1. Here, inclusion of the omitted paragraph from the pattern instruction, by limiting recovery to the "before occurrence" market value, would have allowed McAlonan to recover only her purchase price, thereby denying her recovery of any appreciation.

Fair market value may not always be the appropriate measure of damages. *See Bullerdick, supra.* Appreciation or added value may properly be considered a loss. *See generally Medema Homes, Inc. v. Lynn,* 647 P.2d 664 (Colo.1982); *Kroulik v. Knuppel,* 634 P.2d 1027 (Colo.App.1981); *Hein Enterprises, Ltd. v. San Francisco Real Estate Investors,* 720 P.2d 975 (Colo. App.1985). Thus, the given jury instruction was correct in not limiting McAlonan's recovery to the market value of her condominium before the occurrence.

■ U.S. Home also argues that the given instruction required the jury to include the cost of repairs twice, once by itself and once as a part of the diminution of value. We do not read the instruction to so dictate. On the contrary, the instruction properly directed the jury to measure damages as the cost of repair plus any diminution in market value, *as repaired.* This instruction did not lead to double recovery and adequately informed the jury of Colorado law under the facts of this case. *See Hotchkiss v. Preble,* 33 Colo.App. 431, 521 P.2d 1278 (1974).

## II.

■ U.S. Home also challenges several other jury instructions. Contrary to U.S. Home's contention, the record shows that the jury was properly instructed concerning U.S. Home's theory that the arbitrator's award acted as a bar to this litigation. As concerns the other challenged instructions, the record shows no objection to these instructions by U.S. Home; there-

fore, its challenges are not properly reviewable. C.R.C.P. 51. *Ross v. Colorado National Bank,* 170 Colo. 436, 463 P.2d 882 (1969).

The other allegations of error raised by U.S. Home are without merit.

The judgment is affirmed.

TURSI and BABCOCK, JJ., concur.